STATE, ex rel AUSTIN, Relator-Appellee, v. SHAFFER, Clerk, Respondent-Appellant.

Ohio Appeals, Second District, Champaign County.

No. 139.   Decided June 18, 1956.

J. Harvey Crow, Urbana, for relator-appellee.
Karl Paulig, Urbana, William E. Bailey, Springfield, for respondent-appellant.

## OPINION

By QUATMAN, PJ. ·

On July 5, 1955, a petition for mandamus was filed in this court on behalf of one Howard Austin, relator, to compel one Edna Shaffer, Clerk of the Municipal Court, Urbana, Ohio, respondent, to accept and file in case number 493, then pending in that court, certain instruments captioned "Precipe for Transcript" and "Notice of Appeal," respectively. An alternative writ was allowed on that same day.

For her defense, the said Edna Shaffer asserted that the instruments in question were presented for filing by one J. Harvey Crow, whose name appeared thereon in the capacity of attorney for relator; that the said J. Harvey Crow had, on the 13th day of May, 1955, been dis-

barred from the practice of law by judgment of the Common Pleas Court of Champaign County, Ohio.

On October 19, 1955, the matter was heard by the court and the court found from the pleadings, and an exhibit offered by relator, being the record of the proceedings in disbarment above referred to; that on May 23, 1955, a stay of execution had been ordered by the Court of Appeals suspending the order of disbarment, and therefore found in favor of relator and ordered a peremptory writ to issue.

Although the matter was pending in the Court of Appeals of Champaign County, the respondent, on the day of the hearing, filed with the Franklin County Clerk, an affidavit of bias and prejudice against the court, and filed a copy thereof with the Champaign County Clerk the following day. The respondent orally informed the court of the filing of this affidavit at the time of the hearing and then withdrew from the court room upon the court ruling that the affidavit was untimely.

On October 27, 1955, respondent filed a motion to vacate the judgment ordering the issuing of the peremptory writ, and on November 7th filed her notice of appeal to the Supreme Court of Ohio on questions of law and fact. Thereafter, on February 23, 1956, the appeal was dismissed upon appellant's application.

By an instrument filed in this court December 14, 1955, and signed by the Chief Justice of the Supreme Court, it appears that the affidavit of bias and prejudice above referred to was withdrawn.

On December 14, 1955, an entry was filed, dated December 8th, vacating sua sponte, the judgment rendered October 19, 1955, ordering the peremptory writ.

Thereafter, on March 30, 1956, relator, Howard Austin, filed a motion to strike from the files, the entry of vacation, alleging that the court was without jurisdiction to enter its order by reason of the proceedings having been removed to the Supreme Court of Ohio, pursuant to respondent's notice of appeal filed November 7, 1955, and which appeal was pending on the date the order of vacation was entered.

This court comes now to a determination of the merits of this motion, having in mind the previous proceedings as herein set forth.

Assuming that its jurisdiction has not been removed, a court has full control to review, affirm, modify or reverse its judgments during term. However, after term this authority can only be exercised upon the jurisdiction of the court being properly invoked.

While the record of these proceedings raises considerable doubt as to the authority of the court to have entered its judgment of October 19, 1955, ordering the issuing of a peremptory writ, that matter could only be passed on by way of review in a higher court, or, being after term, possibly upon a petition to vacate. We are therefore confined only to the justiciable matters raised by the motion now for hearing.

While the notice of appeal filed on November 7, 1955, gave notice that the appeal was on law and fact, it will be considered as an appeal on law only.

It is well recognized that the only appeal possible from a court of

appeals of this state to the Supreme Court of Ohio is one on questions of law only.

The courts have several times passed on the question of the jurisdiction of the lower court to further proceed in an action, after notice of appeal on questions of law has been filed.

A review of the cases establishes that the jurisdiction of the lower court is stayed only to the extent that any further action on its part would conflict or materially affect that part or portion of the proceedings pending on appeal. **In re: Kurtzhalz, 141 Oh St 432.**

The notice of appeal in the instant case sets out that appeal is taken from the judgment rendered by this court on October 19, 1955, to-wit: the judgment ordering the issuing of the peremptory writ.

Upon the authority and reasoning above set forth it follows that an order of this court, though rendered in term, vacating its judgment of October 19, 1955, while said judgment was then pending on appeal as a matter of right, did materially affect the appeal and substantially affect one of the parties and was therefore void.

Motion of relator is sustained and journal entry may be prepared accordingly. Exceptions saved.

MIDDLETON and YOUNGER, JJ, concur.