THE STATE OF OHIO, APPELLANT, *v.* WATSON, APPELLEE.

(No. 7968—Decided December 19, 1975.)

*Mr. James E. Moan*, prosecuting attorney, for appellant.

*Mr. Thomas L. Bischoff*, for appellee.

BROWN, P. J. Pursuant to Crim. R. 12(J), the state of Ohio appealed on May 2, 1975, an order of the Municipal Court of Sylvania, made May 1, 1975, suppressing the breathalyzer test of the defendant and its results.

After the state filed its Crim. R. 12(J) appeal, the Municipal Court on May 7, 1975, the date previously set

.for the trial, denied the state's motion for a stay of proceedings until the Court of Appeals determined the Crim. R. 12(J) appeal. Thereafter, at the same hearing on May 7, 1975, the Municipal Court granted defendant's motion to dismiss the complaint, and dismissed the case with prejudice.

The state's assignment of error is as follows:

"The Trial Court Erred in Requiring The State to Produce The Test Ampule and Its Solution Used In The Breathalyzer Test Administered To The Defendant And In The Absence of Production, Granting Defendant's Motion to Suppress."

To determine if the state is required, on the request of a defendant, to produce the test ampoule and its solution used in a breathalyzer test given to a defendant requires, first, an analysis of Crim. R. 16(B)(1)(c), which provides:

"Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant."

Concededly, the test ampoule and its solution does not fall within the category of objects described in Crim. R. 16(B)(1)(c) as "intended for use by the prosecuting attorney as evidence at the trial," or "obtained from or belonging to the defendant."

There is no requirement in Ohio that the breathalyzer test ampoules and their solutions, incident to the admissibility of breathalyzer test results, must be preserved. R. C. 4511.19; *Cincinnati* v. *Duhart* (1974), 41 Ohio App. 2d 127; *State* v. *Hall* (1973), 39 Ohio App. 2d 87; *State* v. *Miracle* (1973), 33 Ohio App. 2d 289. Further, the state presented an expert who testified concerning the test ampoule, its solution, and preservability. He stated that any later chemi-

cal analysis by backtitration of the test ampoule used in giving the original test to the defendant would be inconclusive. The defendant presented no expert testimony to rebut this expert opinion that backtitration would be inconclusive.

*People* v. *Hitch* (1974), 520 P. 2d 974, upon which defendant heavily relies, is distinguishable. In *Hitch,* expert testimony was adduced that backtitration of the test ampoule used would be probative evidence with reference to the accuracy of the original test. No such expert testimony was presented in the present case. Further, the court in *Hitch* interpreted the California statute to require the preservation of the test ampoule. That statute reads in pertinent part:

"Upon the request of the person tested full information concerning the test taken at the direction of the peace officer shall be made available to him or his attorney." Deering's Calif. Code (Vehicle), Section 13354(c).

There is no such requirement by Ohio statute or case law. R. C. 4511.19; *Cincinnati* v. *Duhart, supra.* Cf. *United State* v. *Love* (C. A. 5, 1973), 482 F. 2d 213.

Therefore, we hold that while the test ampoule and its solution used in the breathalyzer test given to the defendant may be "material to the preparation of his defense" (within the meaning of Crim. R. 16(B)(1)(c)) and ordinarily excludable from evidence when made unavailable to him, where there is no evidence that the ampoule and solution, if preserved, could be scientifically examined so as to produce conclusive results, nor that it was maliciously destroyed, the results of the breathalyzer test may be admitted. The circumstances surrounding destruction of the test ampoule is admissible testimony which may be elicited by the parties. Such circumstances are relevant to determine the credibility of the witnesses and the weight of the evidence. *Gedicks* v. *State* (1974), 62 Wis. 2d 74, 214 N. W. 2d 569 (inadvertent destruction of evidence scientifically analyzed goes to weight of evidence rather than admissibility). Cf. *State* v. *Barker* (Mo. App. 1973), 490 S. W. 2d 263, 272.

Although a backtitration test of a test ampoule and solution might have been inconclusive and of no probative value, it would have been just, under the circumstances, in this case, for the trial court to admit the breathalyzer test results into evidence. Cf. *People* v. *Eddinglon* (1974), 53 Mich. App. 200, 218 N. W. 2d 831 (nonproduction by state of evidence scientifically analyzed does not violate constitutional rights to confrontation of witnesses, to due process of law, or compulsory process to present witnesses in his defense); cf. *Brady* v. *Maryland* (1963), 373 U. S. 83, distinguishable.

The first assignment of error is, therefore, well taken. The order of the Municipal Court suppressing the results of the breathalyzer test is reversed, subject to the rules of evidence applicable thereto; and the results thereof are admissible.

The second assignment of error states:

"The Court Erred in Not Granting The Motion of the State for a Stay of Proceedings and in its Subsequent Dismissal of the Case."

The action of the Municipal Court in denying a stay of proceedings and in dismissing this case, in effect, nullified the purpose of the state's appeal pursuant to Crim. R. 12(J). In conformity with well established legal principles, the Municipal Court had no such authority to dismiss the case and should have granted a stay of proceedings.

It is recognized that a Crim. R. 12(J) appeal will interrupt the trial court proceedings. *State* v. *Mitchell* (1975), 42 Ohio St. 2d 447, at 449.

After an appeal has been properly taken to the Court of Appeals from a judgment or final order, the general rule is that the trial court loses jurisdiction. *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129, at page 132, footnote 3. Cf. *State* v. *Collins* (1970), 24 Ohio St. 2d 107. Although the trial court retains jurisdiction over issues that are not before the Court of Appeals on an appeal, such as collateral issues of contempt of court (*Vavrina, supra* at page 132 and footnote 4 therein), after an appeal is properly taken, a trial court cannot proceed in such a manner as to

lead to a decision of a question which cannot properly be determined until after the determination of the appeal. The trial court may not dispose of a case so as to interfere with the jurisdiction or order of the appellate court. The proceedings of the trial court pending appeal are subject to be set aside if such proceedings are inconsistent with the order or decision of the appellate court. *In re Kurtzhalz* (1943), 141 Ohio St. 432, paragraph 1 of the syllabus; *Goode* v. *Wiggins* (1861), 12 Ohio St. 341; *State, ex rel. Austin* v. *Shaffer* (1956), 78 Ohio Law Abs. 417, 419; 4A Corpus Juris Secundum 399-401, Appeal and Error, Section 609.

The Municipal Court was without authority to dismiss the case and should have granted a stay of proceedings until this appeal was determined. Therefore the second assignment of error is well taken.

The judgment of the Sylvania Municipal Court is reversed, and the cause is remanded to the Municipal Court for further proceedings consistent with this opinion.

*Judgment reversed.*

WILEY, J., concurs
POTTER, J., concurs in the judgment only.

POTTER, J., concurring in the judgment only. I concur in the judgment but conclude that the California case of *People* v. *Hitch* does not turn on the California statute, but on the issue of due process. In the rehearing, at 527 P. 2d 361, the opinion in 520 P. 2d 974 was vacated. I conclude that the rule in California is that there is now a duty to preserve the ampoule (the decision did not operate retrospectively). If the prosecution in California can show they attempted in good faith to adhere to rigorous and systematic procedures designed to preserve the test ampoule, sanctions will not be imposed. If the prosecution meets the burden, then the results of the breathalyzer test shall be admissible in evidence, even though the ampoules and their contents have been lost. Due process does not require, if the prosecution fails in its burden, for a dismissal of the case but only in excluding the results of the test.