## State v. Newell
*[Cite as 5 AOA 99]*

*Case No. L-89-316*
*Lucas County, (6th)*
*Decided July 13, 1990*

*Anthony G. Pizza, Prosecuting Attorney, and Kevin J. Carder, for Appellant.*

*John Czarnecki and Janis E. Susalla Foley, for Appellee.*

RESNICK, J.

This matter is before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.

On April 15, 1989, Lucas County sheriff deputies were called to the Red Roof Inn on Corporate Drive in Toledo, Ohio, to investigate a disturbance. Specifically, the deputies had been told by the Red Roof Inn management that a loud party was being held in one of the rooms.

When the deputies arrived at the room, they knocked on the door once, identified themselves as sheriff's deputies, and told the occupants to open the door. When the deputies entered the room, they discovered approximately sixteen people. The room was cluttered with food and alcohol. The deputies asked if any juveniles were present. Three people responded affirmatively. The deputies then checked all of the occupants for outstanding warrants. After the record checks failed to reveal any outstanding warrants, the deputies told the occupants that they were all under arrest. The juveniles were to be charged with delinquency and the adults were to be charged with contributing to the delinquency of minors.

The deputies then began pat down searches incident to arrest on each of the occupants. When appellee, Michael A. Newell, was searched, deputy Ted Frederick found a handgun in Newell's pocket.

Newell was subsequently indicted on May 12, 1989, on one count of carrying a concealed weapon in violation of R.C. 2923.12(A). On May 23, 1989, Newell entered a plea of not guilty. On August 3, 1989, Newell's counsel filed a motion

to suppress seeking suppression of the handgun as evidence against Newell. Newell's counsel alleged in the motion to suppress that the handgun was obtained through the means of an unlawful, warrantless search.

In an October 10, 1989 judgment entry, the trial court granted Newell's motion to suppress. The court found that the deputies did not have probable cause to initially arrest Newell for contributing to the delinquency of minors since the evidence did not show that Newell had supplied the minors with alcohol or even that the minors had been consuming alcohol. In that the court found that the deputies did not have probable cause to initially arrest Newell for contributing to the delinquency of minors, the court found that the subsequent search incident to arrest was an unlawful, warrantless search. The court then granted Newell's motion to suppress and simultaneously dismissed the weapon charged. It is from this decision that the state of Ohio appeals pursuant to R.C. 2945.67 asserting the following assignments of error:

"1. THE TRIAL COURT ERRED IN FAILING TO FIND THE POLICE OFFICERS HAD PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLEE.

"2. THE TRIAL COURT ERRED IN DISMISSING THE CASE BASED UPON ITS RULING ON DEFENDANT-APPELLEE'S MOTION TO SUPPRESS."

In its first assignment-of error, the state contends that the court erred in finding that the deputies had no probable cause to make a warrantless arrest of Newell for contributing to the delinquency of minors.

In *Beck v. Ohio*, a case in which police officers made a warrantless arrest, the United States Supreme Court held:

"When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would warrant a man of reasonable caution in the belief" that an offense has been committed." (1964), 379 U.S. 89, 96. (Citations omitted.)

The court also held in *Ybarra v. Illinois:*

"Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." (1979), 444 U.S. 85, 91. It is axiomatic that warrantless arrests must stand on firmer ground than mere suspicion. *Wong Sun v. United States* (1963), 371 U.S. 471, 479.

At the suppression hearing, Deputy James Ceglio testified that the occupants of the motel room were placed under arrest only after the deputies learned that three of the occupants were juveniles. Ceglio acknowledged that he did not have any specific information as to whether or not Newell knew there were juveniles present or whether or not Newell provided alcohol to juveniles. Deputy Ted Frederick testified that the arrests were made without further inquiry, based on a request from the juvenile court that deputies make arrests whenever juveniles and adults are found together in the presence of alcohol. The specific source of this vague request or the reason for the request was neither revealed nor explained at the suppression hearing. We find that the immediacy of Newell's arrest precluded the deputies from attaining probable cause to arrest. Specifically, the deputies acted on the basis of mere suspicion rather than probable cause supported by definite, articulable facts. As aptly noted by the trial court and based on the facts of this case, it is likely that the deputies would have found probable cause to arrest Newell had they further investigated the situation. Instead, the deputies chose to summarily arrest Newell based on his presence in the room. Because mere suspicion that a crime has been committed does not rise to the level of probable cause, we find that Newell's arrest was unlawful, and the state's first assignment of error is found not well-taken.

In its second assignment of error, the state contends that the court erred in *sua sponte* dismissing the case immediately after granting Newell's motion to suppress. Appellant contends that the court failed to follow Crim. R. 48(B) which provides that a court should "state on the record its findings of fact and reasons for the dismissal" when a court *sua sponte* dismisses a case. The state further contends that the court prematurely dismissed the case at this stage of the proceedings.

Crim. R. 12(J) provides that the state may appeal as of right from a granting of a motion to suppress. Crim. R. 12(J) is to be strictly construed. *State v. Caltrider* (1975), 43 Ohio St. 2d 157, paragraph one of the syllabus. The state must perfect its appeal within seven days and

certify that the appeal is not taken for the purposes of delay. After an appeal has been taken pursuant to Crim. R. 12(J), the trial court loses jurisdiction in the case and therefore may not dispose of the case. *State v. Watson* (1975), 48 Ohio App. 2d 110.

The Eighth District Court of Appeals in *State v. Baker* (June 11, 1989), Cuyahoga App. No. 43106, unreported, addressed a similar assignment of error. As in the present case, the trial court in *Baker sua sponte* dismissed a defendant's criminal charges immediately after the court suppressed a key piece of evidence. In reviewing the trial court's dismissal, the court of appeals held that a trial judge has "an obligation, pursuant to Crim. R. 12(J), to allow the date seven days to perfect an appeal before discharging a defendant." *Id.*

Based on the foregoing authorities and in the interest of protecting the state's limited right to bring appeals in criminal cases, we find that the court in this case erred in not allowing the state seven days in which to perfect its appeal before dismissing the case. We also note that while the trial judge set forth a detailed explanation as to why Newell's motion to suppress was being granted, no such detailed explanation was offered to justify the court's *sua sponte* dismissal. The judge simply stated:

"In light of the sweep of this ruling and the nature of the sole offense charged herein, this case is dismissed, and the defendant discharged."

We find that this conclusion does not satisfy Crim. R. 48(B) which requires a judge to state on the record its findings of fact and reasons for a *sua sponte* dismissal. Accordingly, the state's second assignment of error is found well-taken.

While this court has ruled in favor of the state in its second assignment of error, it would appear that the state nonetheless has a very questionable case against Newell given this court's disposition of the first assignment of error. Because of the obvious unlawful nature of Newell's initial arrest, we cannot help but question the wisdom of the state in bringing this appeal. Such appeals do more to burden this court than to further the interests of justice.

On consideration whereof, the court finds substantial justice-has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

GLASSER, J., ABOOD, J., RESNICK, J., concur.