OPINION
{¶ 1} This is an accelerated appeal by the state, from a judgment of the Trumbull County Court, Central District, granting the motion to suppress of appellee, William J. Mook, Jr.
 {¶ 2} On October 31, 2000, appellee was stopped for speeding by Fowler Police Officer Linda Sheridan ("Officer Sheridan"). After stopping appellee, Officer Sheridan discovered that appellee's driver's license had been suspended. Appellee was charged with speeding and driving with a suspended license.
 {¶ 3} On January 31, 2001, appellee filed a motion to suppress all evidence gathered as a result of the traffic stop. The motion read, in its entirety:
 {¶ 4} "Now comes the defendant and moves the Court to suppress all evidence in this case subsequent to the traffic stop of the defendant for speeding."
 {¶ 5} "In support of this motion, defendant says that the arresting officer did not have probable cause to stop the defendant for speeding."
 {¶ 6} The court held a hearing on the motion, on May 20, 2001. At the hearing, Officer Sheridan testified that she had seen appellee driving toward her on Ridge Road in Fowler Township, and that he appeared to be traveling at a high rate of speed. She testified that she activated her radar gun and it measured appellee's speed at 70 miles per hour, 25 miles per hour over the speed limit. Officer Sheridan also testified that, after she stopped appellee and ticketed him, she verified that the unit's radar system was working properly.
 {¶ 7} Appellee and one other witness testified on his behalf at the suppression hearing. Appellee testified that he knew he was not speeding because he looked at his speedometer, which indicated that he was traveling at the speed limit. Appellee also testified that he was moving with the flow of traffic, following a car proceeding at a speed that would not permit him to drive seventy miles per hour.
 {¶ 8} Elaine Hofmann ("Hofmann"), a neighbor of appellee, testified that she was following behind appellee, as he was driving north on Ridge Road. She testified that it appeared appellee was traveling at approximately the same speed as she, and that she was traveling at the speed limit.
 {¶ 9} The court granted appellee's motion and suppressed all evidence resulting from the traffic stop, finding that the independent testimony offered by appellee was credible and that there was no probable cause for Officer Sheridan to stop appellee. The trial court also indicated that it would dismiss the case, but, upon objection of the prosecutor, agreed to refrain from dismissing the case for a week and a half. The Trumbull County Court's criminal docket indicates that the charge of speeding was dismissed on May 30, 2001, the day of the hearing; the charge of driving under suspension was not dismissed.
 {¶ 10} The state appeals the judgment granting appellee's motion to suppress and raises the following assignments of error:
 {¶ 11} "[1.] Pursuant to Criminal Rule 47, a motion shall state with particularity the grounds upon which it is made, and shall be supported by a memorandum containing relevant authority."
 {¶ 12} "[2.] A trial court commits reversible error when it suppresses evidence on the basis of no probable cause and the facts and circumstances surrounding the case are sufficient for a legitimate and reasonable finding of probable cause."
 {¶ 13} "[3.] A trial court may not completely dismiss a charge at a suppression hearing based on a finding of no probable cause."
 {¶ 14} In its first assignment of error, the state argues that appellee's motion should have been dismissed for failing to comply with Crim.R. 47. In support of this proposition, appellant cites State v.Shindler (1994), 70 Ohio St.3d 54.
 {¶ 15} Crim.R. 47 requires that a motion:
 {¶ 16} "state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."
 {¶ 17} Shindler, supra, provides:
 {¶ 18} "[i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Id. at syllabus.
 {¶ 19} While appellee's motion was exceedingly short, it gave the prosecutor and the court notice of the issues to be decided. The prosecution and the court were both put on notice that the basis of the motion was the lack of probable cause for the stop. The prosecution was also able to present all available evidence with regard to Officer Sheridan's probable cause for the stop. In addition, because the issue did not require any specific authority beyond the general authority used in every probable cause determination, the state was not prejudiced by the failure to cite legal authority in the motion. Appellant's first assignment of error is without merit.
 {¶ 20} In its second assignment of error, the state argues that the trial court erred by granting appellee's motion to suppress, because the officer did have probable cause to stop appellee.
 {¶ 21} "At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. ***On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.*** After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." State v. Hrubik (June 30, 2000), 11th Dist. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, at *4-5.
 {¶ 22} The trial court stated, at the hearing, that it found the independent testimony of Hofmann to be credible and, based on this testimony, Officer Sheridan lacked probable cause to stop appellee. Because the trial court was in the best position to evaluate the credibility of the witnesses, we will accept the trial court's determination of the witnesses' credibility.
 {¶ 23} Because the court determined that Hofmann's testimony was credible, it must have found that Officer Sheridan's testimony was not credible, as Hofmann testified that appellee was not speeding and Officer Sheridan testified that appellee was traveling markedly in excess of the speed limit. Accepting the trial court's determination of the credibility of the witnesses, the court was correct in its finding that there was no probable cause to stop appellee.
 {¶ 24} An officer may stop a vehicle if she possesses either probable cause or a reasonable suspicion, based on specific and articulable facts, to believe that criminal behavior has occurred or is about to occur. Terry v. Ohio (1968), 392 U.S. 1, 30. However, the state does not argue on appeal that Officer Sheridan had reasonable suspicion to believe that appellee was speeding. Because the state does not specifically assign this as error or argue it separately in its brief, we are not required to consider it. See App.R. 12(A)(2); North CoastCookies, Inc. v. Sweet Temptations, Inc. (1984), 16 Ohio App.3d 342,344.
 {¶ 25} Nevertheless, even if the state had argued that Officer Sheridan had reasonable suspicion that appellee was speeding, it would not have prevailed, because the trial court found that Officer Sheridan's testimony was not credible. Appellant's second assignment of error is without merit.
 {¶ 26} In the state's third assignment of error, it argues that the trial court erred by sua sponte dismissing the charges against appellee, at the suppression hearing. A review of the record indicates that the trial court dismissed the charge of speeding but not the charge of driving under suspension. The state contends that the trial court's dismissal of the speeding charge interferes with the state's right, under Crim.R. 12(J), to appeal the suppression of evidence. Appellee agrees that the dismissal was error.
 {¶ 27} Crim.R. 12(J) gives the state the right to appeal the suppression of evidence. It provides that, within seven days from the entry of judgment granting the motion to suppress, the state must file its notice of appeal and certify that the appeal is not taken for purposes of delay. Id. After the state files its notice of appeal, the trial court loses jurisdiction of the case and may not dispose of it.State v. Watson (1975), 48 Ohio App.2d 110, 113.
 {¶ 28} "[A] trial judge has `an obligation, pursuant to Crim.R. 12(J), to allow the state seven days to perfect an appeal before discharging a defendant.'" State v. Newell (1990), 68 Ohio App.3d 623,627; quoting State v. Baker (June 11, 1981), 8th Dist. No. 43196, 1981 WL 10352. The trial court erred by dismissing the speeding charge without allowing the state seven days to perfect its appeal. Appellant's third assignment of error has merit.
 {¶ 29} For the foregoing reasons, the judgment of the Trumbull County Court, Central District is affirmed in part and reversed in part and the case is remanded for further proceedings consistent with this opinion. In light of our decisions on appellant's first and second assignments of error, the court is instructed, on remand, to dismiss both charges against appellee.
DIANE V. GRENDELL, J., concurs in judgment only,