THE STATE OF OHIO, APPELLEE, v. LETT, APPELLANT.

(No. C-77500—Decided July 26, 1978.)

Mr. *Simon L. Leis, Jr.,* prosecuting attorney, Mr. *Terry D. Gaines,* and Ms. *Henrietta M. Bain,* for appellee.
Mr. *Maury M. Tepper,* for appellant.

BLACK, J. The issue raised by this appeal is whether a Court of Common Pleas had jurisdiction or authority[1] to dispose of a motion for shock probation under R. C. 2947.-061 after the defendant has filed his motion of appeal from the underlying judgment. For the reasons set out below, we hold that the trial court has jurisdiction over a shock probation motion and may proceed to dispose of that motion while the appeal is pending.

After appellant was convicted of intimidation (R. C.

---

[1] As we did in *State* v. *Robinson,* unreported, No. C-76634, First Appellate District, decided Oct. 19, 1977, we use "jurisdiction" herein in its strictest sense, meaning the capability of a court to hear and decide the controversy before it. 20 American Jurisprudence 2d 449, Courts, Sections 87 and 88. "The test of jurisdiction is the court's power to act at all, not the correctness of its decision in so acting." 14 Ohio Jurisprudence 2d 510, Courts, Section 93. When a suit is considered and decided by a court which has no jurisdiction, it is said to be *coram non judice,* and the judgment is void. By contrast, when a court grants relief which goes beyond the judicial power in that instance, or relief to which the party was not entitled, then the court has no "authority" or "power" in the sense we use those words herein. The judgment is not void, but voidable in that it remains effective until reversed or modified. *In re Allen* (1915), 91 Ohio St. 315.

46

2921.03), he filed a notice of appeal[2] on June 3, 1977, followed on June 21, 1977, by a motion for suspension of sentence and grant of probation (R. C. 2947.061). The trial court concluded that it had no jurisdiction and "overruled" the motion without considering it on its merits. Appellant's single claim is that this was error.

This is a case of first impression so far as we can determine from a search for any reported case on the issue. We discern two reasons for concluding that the dismissal of the shock probation motion on jurisdictional grounds was error.

*First.* The appeal being on questions of law,[3] it brings before this court only the final order, judgment or decree sought to be reviewed, and the trial court retains jurisdiction over all the remainder of the case not inconsistent with the jurisdiction of the appellate court to review, affirm, modify or reverse that final order, judgment or decree. *In re Kurtzhalz* (1943), 141 Ohio St. 432. The trial court may not act to abrogate a judgment once it is appealed to the next higher court. For instance, after an order of the trial court suppressing a breathalyzer test and its results is on appeal under Crim. R. 12(J), the trial court cannot dismiss the case with prejudice. *State* v. *Watson* (1975), 48 Ohio App. 2d 110. Again, once an appeal is perfected, the trial court cannot vacate that judgment under Civ. R. 60(B), because the issue on appeal is the validity of that judgment, a matter wholly within the jurisdiction of the appellate court.[4] *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129. Our decision in *Sullivan* v. *Cloud* (1939), 62 Ohio App. 462, may be said to stand for the principle that the

---

[2]The appeal of the underlying judgment resulted in an affirmance of that judgment on March 15, 1978, under No. C-77359 on this court's docket.

[3]Appeals on questions of law and fact were abolished upon the adoption of App. R. 2 on July 1, 1971. That type of appeal brought the whole case into the exclusive jurisdiction of the appellate court for a trial *de novo*, and the lower court lost all jurisdiction and authority. See generally, 4 Ohio Jurisprudence 3d .512, Appellate Review, Section 246.

[4]It has been suggested that the trial court could consider a motion for relief from judgment under Civ. R. 60(B) if the appellate court gave its permission. *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157.

trial court has no power to set aside its final order after the filing of the notice of appeal when no proper proceeding was taken by either party in the trial court and the admitted purpose of setting the judgment aside was to toll the time for filing a bill of exceptions.

At the same time, when the execution of judgment is not stayed by either court, the mere filing of a notice of appeal does not deprive the trial court of its authority to enforce its own judgment. *In re Kurtzhalz, supra; White* v. *White* (1977), 50 Ohio App. 2d 263; *Rippel* v. *Rippel* (1974), 69 Ohio Ops. 2d 503, 328 N. E. 2d 816.

The suspension of a sentence previously imposed and the placing of a convicted person on probation is not inconsistent with an appeal of the underlying judgment. The judgment is neither vacated nor stayed; the sentence is neither vacated nor stayed; all that the trial court has done is to suspend the sentence and grant the prisoner a conditional release on probation. The appellate court may review, affirm, modify or reverse the judgment or sentence without hinderance or any other negative effect from the suspension of sentence and grant of probation, in the same manner and with no less effect than if the convicted person were continuing to serve his sentence in prison.

*Second.* We discern in R. C. 2947.061[5] a legislative in-

---

[5] R. C. 2947.061 reads in full as follows:

"Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.

"The authority granted by this section shall be exercised by the judge who imposed such sentence, unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action. In such case, a judge of such court or assigned thereto may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as

tention to grant concurrent jurisdiction to both trial and appellate courts. An appeal of right must be perfected by filing the notice of appeal, under App. R. 4(B), within thirty days of the entry of the judgment or order appealed from. This is a jurisdictional requirement the fulfillment of which gives the Court of Appeals jurisdiction. At the same time R. C. 2947.061 gives the sentencing judge a certain continuing jurisdiction over the defendant.

A motion for shock probation must be filed during a thirty-day period extending from the thirtieth day after the sentenced person is delivered into the custody of the penal institution to the sixtieth day thereafter. For all practical purposes, that thirty-day period will not begin until after the expiration of the thirty-day period within which the appeal must be filed. If an appeal and shock probation were intended to be mutually exclusive means whereby a convicted person could obtain relief, the legislature would have so stated. It did not do so; the right to file a motion for shock probation is not conditioned on the absence of an appeal. The statute is silent on the issue. Instead, the statute imposes strict limitations on the disposition of the shock motion; in addition to those noted above, the motion must be heard within sixty days after it was filed, and it must be ruled upon within ten days after the hearing; and the official designated to exercise this authority is the sentencing judge or another judge of the same level duly designated to perform this function. All of this indicates to us that the legislative intent was to give the trial court an authority exercisable whether or not an appeal had been filed and thus a concurrent jurisdiction to the extent of that authority.

The court below erred in concluding that it had no authority or jurisdiction during the pendency of an appeal. We reverse the judgment below and remand this cause for further proceedings according to law.

*Judgment reversed.*

BETTMAN, P. J., and CASTLE, J., concur.

---

prescribed by the rules or practices concerning responsibility for disposition of criminal matters."