OPINION
Defendant David A. Manson appeals the judgment and sentence of the Union County Court of Common Pleas sentencing him to community control for convictions on Grand Theft and Breaking and Entering charges, as well as the trial court's subsequent termination of that community control sentence and imposition of a prison sentence. In all, defendant appeals three separate judgments of the trial court, all of which have been consolidated for purposes of appeal.
On March 23, 1998, defendant was indicted by the Union County Grand Jury for the fourth degree felony offense of Grand Theft in violation of R.C. 2913.02 and the fifth degree felony offense of Breaking and Entering in violation of R.C. 2911.13. According to the Bill of Particulars filed March 30, 1998, the defendant was alleged to have trespassed onto private property and was caught in the act of stealing a Bobcat tractor located on that property. Defendant fled but was apprehended a few miles from the scene. On August 10, 1998, defendant appeared before the Union County Common Pleas Court and entered a plea of guilty to both charges. Defendant was referred to the Union County Department of Probation for a pre-sentence investigation.
On September 25, 1998, the trial court held a sentencing hearing in defendant's case, and sentenced defendant to maximum consecutive prison terms for the two crimes. However, the court suspended the prison sentence and placed defendant under five years community control sanctions, including a six-month residency at the Union County Discipline and Rehabilitation Center. Defendant appealed, alleging that Ohio's new sentencing laws do not provide for the "suspension" of a sentence, and arguing that the court failed to make the proper findings required to sentence defendant to maximum and consecutive sentences. Defendant also asserts that the two crimes were allied offenses of similar import.
On October 21, 1998, defendant's probation officer filed a statement of violations alleging that defendant's urine had tested positive for the presence of cocaine on three separate occasions. On November 16, 1998 the trial court held a hearing, at which the defendant admitted the alleged violations. The court determined that defendant had violated one of the conditions of his community control:
 It's the judgment and sentence of the Court that the sentence of the Court previously suspended is reimposed. The sentence that was previously imposed was on September 25, 1998.
 There were two counts. The first was on breaking and entering, which was a term of 12 months in prison, was assessed [sic], and pay the costs of prosecution [sic], and the second was grand theft, and it was ordered that the defendant serve a term of 18 months, consecutive to Count Two, and pay the costs of prosecution.
Defendant filed an appeal of this judgment on November 30, 1998, alleging inter alia that the court had failed to follow the sentencing guidelines at the community control violations hearing.
On December 7, 1998, the trial court filed a journal entry ordering that defendant appear for a new community control violations hearing:
 The Court not having been apprised of the ruling of the Third Appellate District Court of Appeals ruling [sic] in State of Ohio v. Darren Riley, (November 12, 1998), App. 14-98-38, Union County, at time of sentencing Defendant on November 16, 1998, it is ORDERED, that Defendant be returned to this Court for re-sentencing on December 16, 1998 at 11:00 a.m.
Despite defendant's objection that the court no longer had jurisdiction over defendant's sentence, the court proceeded to hold a second community control violation hearing. Over objection, the court vacated the November 16 judgment, made detailed findings of fact, and sentenced defendant to consecutive terms of seventeen months for grand theft and eleven months for breaking and entering.[1] Defendant filed an appeal of this judgment, asserting that the court no longer had jurisdiction to make findings of fact or to vacate its earlier judgment. On January 26, 1999, this Court ordered that the three appeals be consolidated. We will address each judgment entry in turn, and have reordered defendant's assigned errors to facilitate our review.
I. THE COURT ERRED IN FAILING TO GIVE THE DEFENDANT PROPER NOTICE THAT IF HE VIOLATED COMMUNITY CONTROL HE COULD FACE UP TO THREE YEARS IN PRISON.
VI. THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO CONSECUTIVE SENTENCES FOR ALLIED CRIMES OF SIMILAR IMPORT.
Defendant's first and sixth assigned errors address alleged deficiencies with the court's judgment arising from the September 25 sentencing hearing. Defendant first argues that the trial court failed to provide defendant the required notice at the September 25, 1998 sentencing hearing of the penalties for violation of the terms of his community control sanction. Specifically, defendant argues that the court did not comply with R.C. 2929.19(B)(5) by failing to notify him at the hearing that he could face a two-and-one-half year prison term. However, we observe that at the hearing, the court made the following statements:
 The Court finds that you've been convicted of breaking and entering in violation of Ohio Revised Codes Section 2911.13, which is a felony of the fifth degree, and it's ordered you shall serve a term of 12 months in prison on this count, and pay the costs of prosecution; that you were convicted of grand theft in violation of Ohio Revised Code Section 2913.02, a felony of the fourth degree, and it's ordered that you serve a term of 18 months in prison on this count, and it will be consecutive to the previous count * * *.
 The sentences are suspended, and you're placed on five years of community control * * *.
* * * *
 But at any rate, if you violate any of those conditions of probation, then I want you to understand fully that you're talking about two-and-a-half years in prison. And now you serve every day of it. You don't get off for good behavior, or anything like that.
In State v. Stokes (April 9, 1999), Union App. No. 14-98-53, 1999 WL 253608, this Court held that the announcement by the trial court at sentencing that it had "suspended" a term of incarceration constitutes substantial compliance with R.C.2929.19(B)(5).
 Although the best policy would be to follow the language of the statute (thus ensuring that defendants receive the proper notice), the trial court's admonition at the sentencing hearing clearly put defendant on notice that if he violated his community control sanction that he could be sentenced to * * * prison. While failure to provide the proper notice may be erroneous, we perceive no prejudice to this defendant caused by the court's failure to couch this notice in the language of R.C. 2929.19(B)(5).
Id. at *3. The case before us is identical to Stokes and we see no reason to depart from its holding. This assignment of error is overruled.
Defendant's sixth assigned error asserts that the trial court improperly convicted and sentenced defendant of both Grand Theft and Breaking and Entering. Defendant asserts that the two crimes are allied offenses of similar import and have a single criminal animus. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In City of Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Ohio Supreme Court set forth the test Ohio courts use when determining whether separate convictions are allowable under the statute:
 Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
Defendant argues that because the State does not allege that a building was broken into and that because the stolen tractor was on the land of another, that in order to complete the theft of the tractor, the trespass must occur. The defendant therefore argues that no separate animus existed.
We believe defendant has misunderstood the Vazirani test. The state must only prove a separate animus if the first prong of the test is satisfied, that is, "[i]f the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other." Id. In State v. Talley (1985), 18 Ohio St.3d 152, 155-56, the Supreme Court held that breaking and entering and grand theft do not correspond to the degree necessary to satisfy the first prong of the test:
 A comparison of the elements for each of these * * * crimes clearly indicates that they do not correspond to such a degree that the commission of one offense will result in the commission of the other. For example, the crime of breaking and entering necessarily involves a trespass * * *. This element is not essential to the commission of grand theft * * *. Grand theft requires one to obtain or exert control over property of another; the crime of breaking and entering * * * [does] not have such an element. * * * *
 The offenses are such that the commission of one will not result in the commission of another. The crime of breaking and entering is complete at the time of entry into the structure. A theft is not necessary for a breaking and entering conviction--the purpose to commit any felony will suffice.
Based on Talley, we believe it is unnecessary to proceed to the second prong of the Vazirani analysis.[2] Because the two crimes are not allied offenses of similar import, defendant's argument that they were motivated by a single criminal animus is irrelevant. Accordingly, this assignment of error is overruled.
V. THE DEFENDANT DID NOT RECIEVE A BIPARTITE COMMUNITY CONTROL VIOLATION HEARING.
Defendant's fifth assignment of error argues that the court erred by failing to bifurcate the November and December community control violation hearings in accord with the decision in Gagnon v. Scarpelli (1973), 411 U.S. 778. However, this court has repeatedly held that "the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing." State v. Stokes, Union App. No. 14-98-53 at *6, citing State v. Miller (1975), 45 Ohio App.2d 301. Defendant's brief does not allege that he suffered any prejudice because the court failed to hold a preliminary hearing, and our review of the record has not uncovered any prejudice caused by the court's action. The fifth assigned error is accordingly overruled.
II. THE COURT ERRED WHEN IT FAILED TO PROPERLY FOLLOW THE SENTENCING GUIDELINES.
Defendant's second assignment of error asserts that the trial court improperly failed to consider the felony sentencing guidelines at the November 16, 1998 community control violation hearing. In State v. Riley (November 12, 1998), Union App. No. 14-98-38, 1998 WL 812044, this Court held that "before the trial court may sentence [a defendant] to a prison term [for a community control violation], it must comply with the felony sentencing requirements in R.C. 2929.14." Id. at *7; accord State v. Stokes (April 9, 1999), Union App. No. 14-98-53, 1999 WL 253608 at *4. As applied to this case, it appears that the trial court imposed two maximum prison terms to be served consecutively without making any determinations on the record as required by R.C. 2929.14(C) and R.C. 2929.14(E)(4). Therefore, on the authority of State v. Riley this assignment of error is sustained.[3]
III. THE COURT ERRED WHEN IT RESENTENCED THE DEFENDANT WITHOUT JURISDICTION TO DO SO.
Defendant's third assignment of error actually argues two points, which we will treat separately. Defendant first contends that because he had filed an appeal of the trial court's September 25 judgment of sentence, that the court lacked authority to sentence him on November 16 for violation of community control conditions contained in the September 25 judgment.
The general rule is that once an appeal is perfected, the trial court loses jurisdiction except to take action in aid of appeal. See, e.g., McAuley v. Smith (1998), 82 Ohio St.3d 393,395. In other words, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146; see also State v. Lett (1978), 58 Ohio App.2d 45. Defendant appears to argue that the trial court's authority to terminate defendant's community control sanctions rested upon the appellate review of the September 25 sentence and because the sentence could be reversed on appeal, that the termination of community control is inconsistent with the appeal. The defendant thereby argues that a trial court is precluded from addressing a community control violation during the pendency of any such appeal.
We disagree. Defendant's proper course of action would have been to seek a stay of the September 25 judgment during the pendency of the appeal, pursuant to R.C. 2949.02 and App.R. 8. Defendant chose not to seek an appeal bond or otherwise stay execution of the trial court's judgment, and Ohio trial courts have no authority to suspend the execution of a sentence unless specifically authorized by statute. See, e.g., State v. Burke (1992), 91 Ohio App.3d 514, 516, quoting Toledo Municipal Court v. State ex rel. Platter (1933), 126 Ohio St. 103, paragraph three of the syllabus.
Moreover, we observe that the trial court's judgment terminating defendant's community control sanction had no effect on the issues raised in the appeal of the September 25 order. The Hamilton County Court of Appeals faced a similar issue in State v. Lett, 58 Ohio App.2d 45. In that case, the defendant filed a direct appeal from his conviction, and subsequently filed a motion for shock probation in the trial court. The trial court determined that it had no jurisdiction to decide the motion. Defendant appealed and the court of appeals found in favor of the defendant:
 The suspension of a sentence previously imposed and the placing of a convicted person on probation is not inconsistent with an appeal of the underlying judgment. The judgment is neither vacated nor stayed; the sentence is neither vacated nor stayed; all that the trial court has done is to suspend the sentence and grant the prisoner a conditional release on probation. The appellate court may review, affirm, modify or reverse the judgment or sentence without hindrance or any other negative effect from the suspension of sentence and grant of probation, in the same manner and with no less effect than if the convicted person were continuing to serve his sentence in prison.
Id. at 47. We believe the rationale applies in this case as well. Because the trial court's November 16 judgment terminating defendant's community control sanction has no effect on this Court's ability to "review, affirm, modify or reverse" the September 25 judgment of sentence, it was not inconsistent with the appeal for the trial court to retain jurisdiction over the alleged violation of defendant's community control conditions.
Defendant also argues that the court lacked jurisdiction at the hearing on December 16, 1998. At that hearing, the court purported to vacate its November 16 judgment and resentence defendant for violating his community control sanction. Defendant contends because he had already taken an appeal from the November 16 judgment that the trial court lacked jurisdiction to vacate that judgment. We agree, largely on the same rationale we have already discussed. An attempt by the trial court to vacate or modify the substantive provisions of a judgment under appeal is directly inconsistent with the appellate court's jurisdiction in the case. See, e.g., State v. Richard (1996), 113 Ohio App.3d 141,143. Regarding this argument only, defendant's third assignment of error is sustained, and the trial court's "Journal Entry of Sentence" dated December 16, 1998 is vacated. The remainder of the third assignment of error is overruled.
IV. THE COURT ERRED WHEN IT FAILED TO PROPERLY FOLLOW THE SENTENCING GUIDELINES AT THE SENTENCING HEARING ON DECEMBER 16, 1998 AND FURTHER DID NOT NOTIFY THE DEFENDANT REGARDING "BAD TIME OR POST RELEASE CONTROLS".
Defendant's remaining assignment of error argues that that the trial court failed to properly consider the felony sentencing guidelines at the December 16 hearing. Because we have already determined that the trial court lacked jurisdiction to proceed at that hearing, we overrule this assignment of error as moot pursuant to App.R. 12(A)(1)(c). However, it appears from the record that trial court did indeed fail to give defendant the "bad time" and post release control warnings required by R.C.2929.19(B)(3), and we would caution the trial court to consider that statute upon remand.
In sum, defendant's first, fifth and sixth assignments of error are overruled. Defendant's second and fourth assignments of error are sustained. Defendant's third assignment of error is sustained in part and reversed in part. The trial court's September 25, 1998 judgment of sentence is affirmed. The trial court's November 16, 1998 judgment terminating defendant's community control sanction is reversed, and the December 16, 1998 judgment is vacated. This case is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Judgments affirmed in part and reversed in part and remanded.
BRYANT, P.J., and WALTERS, J., concur.
[1] Each term is one month less than the maximum term allowable for the offense.
[2] Although both R.C. 2911.13 (Breaking and Entering) and R.C. 2913.02 (Grand Theft) have been amended since Talley was decided, the elements of those crimes were not altered by the amendments. We therefore believe Talley to be controlling authority on this issue.
[3] It also appears that the trial court failed to make the findings required by R.C. 2929.13(B). That statute requires that defendants convicted of fourth and fifth degree felonies be sentenced to community control unless the required findings are made. See R.C. 2929.13(B)(2)(b).