[Cite as *State v. Buttery*, 2018-Ohio-2651.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170141 |
| | | TRIAL NO. B-1506464 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT BUTTERY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 6, 2018

*Paula E. Adams,* Assistant Hamilton County Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.,* for Defendant-Appellant.

**DETERS, Judge.**

{¶1} Defendant-appellant Robert Buttery appeals the trial court's judgment revoking his community control and imposing an 18-month prison term. Buttery argues that the trial court lacked subject-matter jurisdiction to revoke his community control because his original conviction was on appeal. We hold that the trial court retains jurisdiction over community-control violations during the pendency of an appeal from the underlying judgment, therefore, we affirm.

{¶2} In 2015, Buttery was charged with failing to register based upon a juvenile gross-sexual-imposition adjudication. In July 2016, Buttery pleaded no contest, and the trial court found him guilty and sentenced him to community control. Buttery filed a notice of appeal. In March 2017, while Buttery's appeal was pending in this court, Buttery's probation officer filed a notice with the trial court that Buttery had violated several conditions of his community control. In April 2017, the trial court revoked Buttery's community control and sent Buttery to prison. Buttery then filed the notice of appeal herein. In December 2017, this court affirmed Buttery's 2016 conviction. *See State v. Buttery*, 1st Dist. Hamilton No. C-160609, 2017-Ohio-9113.

{¶3} In a single assignment of error, Buttery argues that the trial court lacked subject-matter jurisdiction to revoke his community control during the pendency of his appeal from the 2016 underlying conviction, and therefore the judgment must be vacated.

{¶4} As a general rule, when a notice of appeal is filed, a trial court lacks jurisdiction, "except to take action in aid of the appeal." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d

162 (1978). But, a trial court retains jurisdiction not inconsistent with that of the appellate court to review, affirm, modify, or reverse the order from which the appeal is taken. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 533 N.E.2d 1354 (1990).

{¶5} R.C. 2929.15(B)(1) provides that a sentencing court may impose one or more penalties upon a person who has violated community-control sanctions. Under R.C. 2929.15(B)(1), "[t]he revocation of community control is an exercise of the sentencing court's criminal jurisdiction[.]" *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15. Moreover, " 'following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew * * *.' " *Id.*, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

{¶6} As conceded by Buttery, other courts have considered whether a trial court has jurisdiction to preside over a community-control violation while the underlying judgment is on appeal, and those courts have concluded that the trial court retains jurisdiction, because the underlying judgment is not affected. *See State v. Manson*, 3d Dist. Union Nos. 14-98-50, 14-98-55 and 14-98-58, 1999 WL 417027 (May 28, 1999); *State v. Jordan*, 8th Dist. Cuyahoga Nos. 56493 and 58074, 1989 WL 142374 (Nov. 22, 1989). This court has held that a trial court retained jurisdiction to grant a defendant's motion for shock probation, which was filed while the underlying judgment was on appeal, because "the mere filing of a notice of appeal does not deprive the trial court of its authority to enforce its own judgment." *State v. Lett*, 58 Ohio App.2d 45, 46, 388 N.E.2d 1386 (1st Dist.1978).

{¶7} Although *Lett* is not a community-control case, the same reasoning applies: An appeal from an underlying judgment does not prevent a trial court from

3

enforcing its criminal judgment. Furthermore, the legislature has explicitly vested trial courts with authority to revoke community-control sanctions in R.C. 2929.15(B). Therefore, we hold that the trial court had jurisdiction to sentence Buttery for a community-control violation during the pendency of his appeal from the underlying judgment of conviction. We overrule Buttery's assignment of error. The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **MILLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.