[Cite as *U.S. Bank Natl. Assn. v. Kasidonis*, 2020-Ohio-6716.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR NRZ PASS-THROUGH TRUST V, | : | APPEAL NO. C-190559 TRIAL NO. A-1805256 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| vs. | : | |
| CATHERINE KASIDONIS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 16, 2020

*Lerner, Sampson & Rothfuss, Rick D. DeBlasis* and *William P. Leaman*, for Plaintiff-Appellee,

*Catherine Kasidonis*, pro se.

**ZAYAS, Judge.**

{¶1} Defendant-appellant Catherine Kasidonis appeals from the judgment of the Hamilton County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee U.S. Bank, National Association ("U.S. Bank") in this foreclosure action. For the following reasons, we affirm.

### I. Background and Procedural History

{¶2} On October 1, 2018, U.S. Bank, as a trustee for "NRZ Pass-Through Trust V," filed a complaint in foreclosure against Catherine and John Kasidonis, the State of Ohio Department of Taxation ("State of Ohio") and PNC Bank National Association ("PNC Bank"). The complaint alleged that the Kasidonises were in default under the terms of a note and loan modification agreement encumbering real property located at 4831 Raeburn Lane, Cincinnati, Ohio. U.S. Bank requested the trial court to grant it the sum due on the note in the amount of $376,089.48, plus interest, via the foreclosure and sale of the property.

{¶3} On December 10, 2018, Catherine Kasidonis ("Catherine") filed her answer in which she asserted she was the only party to the case. John Kasidonis, Catherine's husband, filed a separate answer asserting that he was not a party to the case because he was "not on the mortgage by name." Catherine did not deny any of U.S. Bank's allegations, she only asserted that "decisions and possible appeal on case # 1:14-cv-00815 in the United States District Court, Southern District of Ohio, Western Division are pending" and that "[t]he District Court case is directly connected to this foreclosure case."

{¶4} On February 12, 2019, U.S. Bank filed a motion for summary judgment against Catherine and John Kasidonis and a motion for a default judgment against

the parties that failed to appear, the State of Ohio and PNC Bank. In its summary-judgment motion, U.S. Bank asserted that there is no genuine issue of material fact that the Kasidonises were in default and attached a lengthy affidavit with supporting documentation. On March 18, 2019, Catherine filed a response, in which she asked the court to dismiss or stay the case while the federal case was pending. U.S. Bank replied that Catherine had not identified why or how the federal case would remove the trial court's jurisdiction and argued that Catherine had not met her reciprocal burden under the summary judgment standard.

{¶5} On April 22, 2019, Catherine filed another response to U.S. Bank's motion for summary judgment raising the same issues as in her initial response. However, to this response she attached a notice of appearance and a corporate disclosure statement filed in the United States Court of Appeals for the Sixth Circuit, and notices that she received in the mail regarding a transfer of her loan during the foreclosure.

{¶6} A hearing on U.S. Bank's motion for summary judgment was held on April 23, 2019. The magistrate granted summary judgment in favor of U.S. Bank the following day.

{¶7} On May 7, 2019, Catherine filed objections to the decision, raising the same issue regarding a pending federal case, but no specific objections to facts or other legal conclusions.

{¶8} On August 30, 2019, Catherine filed a document entitled "Point of Information," in which she claimed that U.S. Bank entered and secured the property subject to foreclosure, and also claimed that someone had broken into the property and caused damage.

{¶9} On September 3, 2019, the trial court adopted the magistrate's decision and granted U.S. Bank's motion for summary judgment and a decree in foreclosure.

{¶10} Catherine now appeals, asserting nine assignments of error. We consolidate the second and seventh assignments of error, and the third, fourth, fifth, sixth and ninth assignments of error to facilitate review.

## II. Analysis

### Assignment of Error I

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY ALLOWING THE PLAINTIFF[]/APPELLEE TO CONTINUE WITH A CASE WHILE THE DEFENDANT/APPELLANT HAD A SEPARATE CASE IN PROGRESS IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION, CASE NO. 1:14-CV-00815."

{¶11} In her first assignment of error, Catherine essentially challenges the trial court's jurisdiction over the case because a case involving Catherine and another mortgagor was pending in federal court. We review challenges to the jurisdiction of the court de novo. *See State v. Grant*, 1st Dist. Hamilton No. C-150608, 2016-Ohio-7857, ¶ 10.

{¶12} The foreclosure of real property is governed by R.C. 2323.07. A foreclosure of real property allows the court of common pleas to order the sale of said property and to prioritize any and all liens asserted against the property. *See Huntington Mtge. Co. v. Shanker*, 92 Ohio App.3d 144, 153, 634 N.E.2d 641 (8th Dist.1993). Further, the Ohio Supreme Court has said that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20. "[A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction[.]" *State ex rel. Steffen v. Myers*, 143

4

Ohio St.3d 430, 2015-Ohio-2005, 39 N.E.3d 483, ¶ 17, citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 646 N.E.2d 1110 (1995).

{¶13} In the present case, Catherine did not provide any evidence to support her claim that the trial court lacked jurisdiction to proceed with the foreclosure action because of a pending federal case. Though she included with her response in opposition to U.S. Bank's motion for summary judgment a notice of appearance and a corporate disclosure statement filed in the United States Court of Appeals for the Sixth Circuit, neither one of these documents shows that the cases involved the same subject matter or demonstrates a "patent and unambiguous lack of jurisdiction." Therefore, we overrule the first assignment of error.

### Assignment of Error II

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY ALLOWING A CASE TO CONTINUE WHICH DID NOT CONTAIN THE NAME OF NATIONSTAR MORTGAGE, MR. COOPER AND/OR PLANET LENDING AS THE PLAINTIFF IN THE COMMON PLEAS CASES WHILE THE DEFENDANT/APPELLANT CONTINUES TO RECEIVE MORTGAGE STATEMENTS FROM PLANET LENDING AND HAS NEVER RECEIVED ANYTHING FROM [U.S. BANK] OTHER THAN THIS FORECLOSURE."

### Assignment of Error VII

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY ALLOWING THE PLAINTIFF APPELLEE [U.S. BANK] TO ADD DEFENDANTS TO THE CASE IN COMMON PLEAS COURT WHICH DO NOT APPEAR ON THE ORIGINAL MORTGAGE AND HAVE NEVER APPEARED ON THE ORIGINAL MORTGAGE OR ANY MODIFICATIONS TO THE ORIGINAL MORTGAGE."

{¶14} Following the magistrate's decision to grant summary judgment in favor of U.S. Bank, Catherine filed a general objection with the trial court, "restating everything that she has stated and filed previously in this case and everything filed in the cited federal court cases" and reiterating that the federal case "is directly connected to this foreclosure case." On appeal, Catherine argues that the trial court abused its discretion in overruling her objection.

{¶15} Under Civ.R. 53(D)(3)(b)(iv):

[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party had objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).

Furthermore, Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."

{¶16} Catherine's second assignment of error seems to take issue with U.S. Bank as the party plaintiff. The magistrate found that U.S. Bank demonstrated in its affidavit supporting its motion for summary judgment that it was the proper party to bring a foreclosure action against the Kasidonises. However, a specific objection to the magistrate's finding was not mentioned in Catherine's objection to the magistrate's decision.

{¶17} Catherine's seventh assignment of error seems to refer to the inclusion of her husband John Kasidonis in the complaint for foreclosure. The magistrate found that the necessary parties were properly served and explained at the hearing that John had potential dower rights in the property. Catherine did not raise this issue in her objection to the magistrate's decision.

{¶18} Accordingly, Catherine's second and seventh assignments of error fall outside the scope of the objections raised to the magistrate's decision, and therefore, Catherine forfeited all but a claim of plain error on appeal. *See* Civ.R. 53(D)(3)(b)(iv); *Cable Busters, LLC v. Mosley*, 1st Dist. Hamilton No. C-190364, 2020-Ohio-3442, ¶ 5. However, Catherine does not claim plain error on appeal—she only argues that the trial court abused its discretion. We do not analyze claims of plain error sua sponte. *See Cable Busters* at ¶ 8 ("Where the appellant in a civil case does not properly invoke the plain-error doctrine, it cannot meet its burden on

6

appeal and we will not sua sponte undertake a plain-error analysis on its behalf."). Consequently, Catherine cannot meet her burden to demonstrate error in the trial court's judgment. We overrule the second and seventh assignments of error.

### Assignment of Error III

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY PERMITTING [U.S. BANK] TO PLACE LOCKS ON THE DEFENDANT/APPELLANT'S PROPERTY WITHOUT NOTIFIYING THE DEFENDANT OR THE COURT IN AUGUST OF 2019."

### Assignment of Error IV

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY PERMITTING [U.S. BANK] TO PLACE LOCKS ON THE DEFENDANT/APPELLANT'S PROPERTY EVEN THOUGH THE DEFENDANT/APPELLANT HAS PAID ALL UTILITIES ON THE PROPERTY CONTINUING THROUGH TODAY'S DATE."

### Assignment of Error V

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY PERMITTING [U.S. BANK] TO ALLOW CONTRACTORS TO ENTER THE DEFENDANT/APPELLANT'S HOME WITHOUT PERMISSION OF THE DEFENDANT/APPELLANT OR NOTIFICATION TO THE DEFENDANT/APPELLANT."

### Assignment of Error VI

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY NOT REQUIRING THAT THE MORTGAGE COMPANY REPAIR THE DAMAGE IN THE DEFENDANT/APPELLANT'S HOME AS THE DEFENDANT/APPELLANT HAS HAD CONTINUOUS INSURANCE THROUGH THE MORTGAGE COMPANY FROM THE DATE THAT THE ORIGINAL MORTGAGE WAS SIGNED."

### Assignment of Error IX

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY ALLOWING THE PLAINTIFF/APPELLEE [U.S. BANK] TO USE THE COURT OF COMMON PLEAS TO HARASS AND INTIMIDATE THE DEFENDANT/APPELLANT."

{¶19} In Catherine's third, fourth, fifth, sixth, and ninth assignments of error, she contends the trial court erred by permitting U.S. Bank to perform certain actions after the trial court issued its final judgment. In support of her arguments, however, Catherine relies entirely on evidence outside the record on appeal. "An

7

appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus; *see* App.R. 9.

{¶20} Because Catherine has failed to cite to any evidence in the record, we cannot conclude that the trial court erred as to the issues raised in the above assignments of error. Accordingly, the third, fourth, fifth, sixth, and ninth assignments of error are overruled.

### Assignment of Error VIII

"THE COURT OF COMMON PLEAS ABUSED [ITS] DISCRETION BY ALLOWING THE PLAINTIFF/APPELLEE [U.S. BANK] TO CONTINUE TO FILE MOTIONS WITHIN THE COURT OF COMMON PLEAS WHILE THE DEFENDANT/APPELLANT HAD TIMELY FILED AN APPEAL WITH THE FIRST APPELLATE DISTRICT, HAMILTON COUNTY, OHIO AND TIMELY NOTIFIED THE PLAINTIFF/APPELLEE OF THAT APPEAL."

{¶21} In her eighth assignment of error, Catherine argues that the trial court improperly permitted U.S. Bank to proceed with the foreclosure and sale of her property despite Catherine's appeal of the judgment. Catherine essentially argues that the trial court was divested of jurisdiction, which we review de novo. *See State v. Grant*, 1st Dist. Hamilton No. C-150608, 2016-Ohio-7857, ¶ 10.

{¶22} "An appeal does not deprive the trial court of its authority to enforce its own judgment." *U.S. Bank Natl. Assn. v. City of Cincinnati*, 2019-Ohio-1866, 136 N.E.3d 794, ¶ 27 (1st Dist.), citing *State v. Lett*, 58 Ohio App.2d 45, 47, 388 N.E.2d 1386 (1st Dist.1978). "Rather, the trial court retains jurisdiction over execution of its judgment until the appellant obtains a stay of execution and executes a supersedeas

bond." *Id.*, citing *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983).

{¶23} Here, because Catherine did not obtain a stay of execution, the trial court had proper jurisdiction to enforce its final judgment. Therefore, we must overrule the eighth assignment of error.

### III. Conclusion

{¶24} In conclusion, we overrule Catherine's nine assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS,** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.