**EVERSOLE, Plaintiff-Appellee, v. SEELBACH, ADMX. ET, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3893. Decided October 21, 1946.

Vorys, Sater, Seymour & Pease, Columbus, for Plaintiff-Appellee.

Power & McConnaughey, Columbus, for Mary Seelbach, Admx., Defendant-Appellant.

Burr, Porter, Stanley & Treffinger, Columbus, for Columbus & Southern Ohio Electric Company, Defendant-Appellant.

584

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, in a damage action in which the jury returned a verdict for the plaintiff in the amount of $2500.00 against both defendants, Mary Seelbach, Admx. of the estate of Louis J. Seelbach, deceased, and the Columbus and Southern Ohio Electric Company. Motions for new trial were filed by both defendants and a motion for judgment notwithstanding the verdict was filed by the defendant, the Columbus and Southern Ohio Electric Company. The motions were overruled. Both defendants have perfected their appeal to this Court.

The defendant, Mary Seelbach, Admx. of the estate of Louis J. Seelbach, deceased, hereinafter referred to as "defendant Administratrix," for her assignments of error claims:

1. The Court erred in giving certain special charges presented by the defendant, the Columbus and Southern Ohio Electric Company.

2. The Court erred in submitting special findings on behalf of the defendant, the Columbus and Southern Ohio Electric Company.

3. The verdict of the jury was contrary to the manifest weight of the evidence and the law of the case.

The defendant, the Columbus and Southern Ohio Electric Company, hereinafter referred to as the "defendant company," for its assignments of error claims:

1. The Court erred in overruling the motion for a directed verdict.

2. The Court erred in overruling its motion for judgment notwithstanding the verdict.

3. The Court erred in overruling its motion for new trial.

Under these assignments of error counsel in their briefs discussed the weight of the evidence, the correctness of the charge of the Court, and whether the answers to the interrogatories were consistent with the verdict.

The plaintiff, Mabel Eversole, was operating her automobile south on the west side of North High Street, City of Columbus, approaching Longview Avenue in a business and closely built

up district, when a northbound street car operated by the defendant Company struck the rear end of an automobile driven by the deceased, Louis J. Seelbach, in a northerly direction, and knocked it across the intersection and into the plaintiff's automobile, causing injury to the plaintiff. No claim is made that the plaintiff was negligent or that the verdict was excessive. Each defendant contends that the collision was caused solely by the negligence of the other defendant. On the matter of the speed of the street car, the distance from the point of impact that the decendent drove his automobile in the car tracks ahead of the street car, the distance between the street car and decedent's automobile at the time decedent began to make a left turn at the intersection, the evidence is somewhat in conflict.

The defendant Company propounded certain interrogatories which, together with the answers of the jury, are as follows:

"How far was the street car from the automobile when Mr. Seelbach turned his automobile to the left and came to a stop or appreciably slowed down?

"Answer: Thirty feet.

"Did Mr. Seelbach exercise due care to ascertain that his left turn could be made with reasonable safety to other users of the highway?

"Answer: No.

"What was the rate of speed of the street car at the time that Mr. Seelbach turned his automobile to the left to enter West Longview Avenue?

"Answer: Twenty miles pr. hr.

"Was Mr. Ball, the operator of the street car, guilty of negligence proximately contributing to cause the accident?

"Answer: Yes.

"If your answer to the above question is 'Yes,' then state what Mr. Ball did, or failed to do, that constituted negligence?

"Answer: Driving too fast in Bus Dist. and failure to sound gong. Failure to slow speed at intersection."

After reading the record, we cannot say that the general verdict of the jury or the answers to the interrogatories were against the manifest weight of the evidence. Neither do we believe that the special instruction or the interrogatories were so lacking in definiteness as to mislead the jury. Even though the evidence showed the defendant Company was operating its street car at a speed less than 25 miles per hour, which is the

maximum speed allowed at the point of collision under the provision of §6307-4 GC, nevertheless, it was not only proper but the duty of the Court to submit to the jury the question as to whether, under the circumstances, the speed at which defendant Company was operating its street car was reasonable and proper, or whether, under all the circumstances, the operator of the street car was negligent. We cannot conclude as a matter of law that the operator of a street car in operating said street car at a speed less than 25 miles per hour in the business and closely built up portion of a municipality is not guilty of negligence under the provisions of §6307-4 GC.

We do not find any inconsistency between the general verdict and the answers of the jury to the interrogatories.

In view of the testimony of the motorman who operated the street car of defendant Company, who testified that he was operating the street car at the maximum speed and that it was "going as fast as" he "could get it to go," and, also, the testimony as to the manner in which the decedent attempted to make a left turn at the intersection without first giving a signal of his intention to slow down and make a turn, we are of the opinion that the case was properly submitted to the jury and that the jury was properly instructed relative to the issues in the case.

Finding no error in the record, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.