VAVRINA, APPELLANT, *v.* GRECZANIK, APPELLEE. (Two cases.)

[Cite as Vavrina v. Greczanik (1974), 40 Ohio App. 2d 129.]

(Nos. 32746 and 32747—Decided June 13, 1974.)

*Mr. John J. McCarthy,* for appellants.

*Mr. Richard F. Stevens,* for appellee.

KRENZLER, J. On August 27, 1970, two cases were filed in the Common Pleas Court of Cuyahoga County, one by Charles Vavrina, Sr. (Case No. 886,338, Appeal No. 32746), and the other by Charles Vavrina, Jr. (Case No. 886,335, Appeal No. 32747). The two cases will be considered together.[1]

Plaintiffs allege that Charles Vavrina, Sr. was driving his car, with Charles Vavrina, Jr. as a passenger, in a northerly direction on W. 130th Street when Vavrina, Sr. arrived at the entrance driveway of the Southland Shopping Center. He brought his automobile to a stop in compliance with a red traffic light for northbound-southbound traffic on W. 130th Street. Thereafter, he executed a left turn for the purpose of gaining entrance to the driveway to the shopping center and as he was executing this turn, defendant came from behind a bus that was situated in the passing lane of the roadway, passed the bus and entered what is known as the curb lane and proceeded south at a speed that was greater than reasonable and proper and

---

[1]References to plaintiffs may be used interchangeably in the singular and plural.

struck the automobile the plaintiff was operating, which caused a violent collision and injuries to the plaintiffs. Plaintiffs allege that as a direct and proximate result of the defendant's negligence they sustained injury and damage in the amount of $20,000 and $17,500 respectively.

The defendant filed an answer on October 20, 1970 admitting that the accident occurred on W. 130th Street on the date alleged in the complaint between an automobile operated by the plaintiff and an automobile operated by the defendant, and further admitted that the plaintiff executed a left turn for the purpose of entering the driveway but denied the remaining allegations. Defendant alleged an affirmative defense that if he were found negligent, the plaintiff was guilty of contributory negligence which directly and proximately contributed to the injuries and damages.

On May 10, 1972 the defendant filed a motion for summary judgment alleging that there was no material issue of fact and that he was entitled to judgment as a matter of law. Attached to the motion was the defendant's affidavit, the depositions of both plaintiffs and a memorandum in support of the motion.

Plaintiffs did not file any affidavits, depositions, interrogatories, or other documents other than a brief in opposition to the motion for summary judgment.

The defendant filed a reply brief on June 12, 1972.

On June 15, 1972 after the motion for summary judgment was filed the plaintiffs filed interrogatories to be answered by the defendant.

The trial court granted the defendant's motion for summary judgment on August 7, 1972 and concluded that there was no genuine issue of fact to be submitted to the court and that the defendant was entitled to judgment as a matter of law.

Plaintiffs then filed a motion on August 10, 1972 to order the defendant to answer the plaintiff's interrogatories, together with a motion to reconsider and set aside the summary judgment.

Plaintiffs filed a notice of appeal on August 25, 1972.

On September 8, the trial court entered orders granting the plaintiffs' motions to reconsider and to compel answers to interrogatories and to take the deposition of the defendant. The trial court also vacated the summary judgment entered on August 7, 1972 and ordered the case reinstated.

On September 13, 1972 the plaintiffs dismissed their appeal.

On November 13, 1972 the defendant filed his answers to the plaintiffs' interrogatories.

On May 9, 1973 the trial court again entered summary judgment for the defendant and a notice of appeal was taken by the plaintiffs on May 16, 1973 and a cross appeal was filed by the defendants.

The plaintiffs appellants' assignment of error is that there exists a genuine issue as to a material fact since a jury must determine if defendant was operating his automobile in a lawful manner and therefore defendant was not entitled to a judgment as a matter of law.

Defendant appellee's assignment of error is that the trial court was without jurisdiction on September 8, 1972 to vacate and set aside its prior granting of a summary judgment to the defendant appellee on August 7, 1972 or to grant plaintiffs' motion to reconsider or rule on plaintiffs appellants' other motions on that date.

We will first consider defendant appellee's assignment of error because it deals with the trial court's authority to vacate and set aside a summary judgment and make other orders during the pendency of an appeal.

Only timely motions for a new trial or judgment n. o. v. under Civil Rules 59 and 50 respectively toll the time for entering final judgment and filing a notice of appeal. Filing other motions, such as for reconsideration[2] or relief from judgment under Civil Rule 60(B) do not extend the time for entering judgment or filing a notice of appeal after final judgment is entered.

---

[2]It is noted that the Rules of Civil Procedure make no reference to a motion for reconsideration.

The question of whether a trial court has jurisdiction to take action in a case after an appeal has been taken has been decided many times with the general rule being that the trial court loses jurisdiction.[3] However, some courts have held that the trial court retains jurisdiction over issues that are not before the court of appeals, such as collateral issues like contempt.[4]

The Common Pleas Court did not have authority to act on September 8, 1972 when it vacated its August 7, 1972 judgment. When the notice of appeal was filed on August 25, 1972, jurisdiction of this case was vested in the Court of Appeals and any action taken by the trial court in vacating its earlier judgment during the appeal period was null and void and of no consequence because the issue on appeal was the validity of the judgment vacated by the trial court.

If after entering a final judgment, a timely notice of appeal is filed the trial court does not have authority to act on a motion to reconsider its action or to grant relief from judgment under Civil Rule 60(B) during the pendency of the appeal. Whether a trial court has authority to give relief from judgment under Civil Rule 60(B) after an appeal is terminated is not an issue in this case and will not be considered. This case only involves the trial court's jurisdiction to grant relief under Civil Rule 60(B) during the pendency of an appeal.

On September 8, 1972 the trial court did not have jurisdiction to grant plaintiffs, motions to reconsider, to compel answers to interrogatories, to take depositions, and to vacate its August 7, 1972 judgment.

Therefore, the action taken by the trial court on May

[3]See *State, ex rel.*, v. *Birrell* (1955), 164 Ohio St. 390, 392; *In re Sanitary District* (1954), 161 Ohio St. 259, 263; *State, ex rel. Austin*, v. *Shaffer* (1956), 78 Ohio Law Abs. 417; *Sullivan* v. *Cloud* (1939), 62 Ohio App. 462.

[4]See *In re Kurtzhalz* (1943), 141 Ohio St. 432; *State, ex rel. Cullinan*, v. *Bd. of Education* (1968), 28 Ohio App. 2d 281, 286; *Fawick Airflex Co.* v. *Union* (1951), 90 Ohio App. 24; *Fed. Land Bank* v. *DeRan* (1944), 74 Ohio App. 365.

9, 1973 in again granting the motion for summary judgment was a nullity because the only valid entry in this case was journalized on August 7, 1972, and any appeal would necessarily have to have been taken from that judgment. The appellants did file a timely notice of appeal on August 25, 1972 but subsequently dismissed their appeal on September 13, 1972. The second appeal filed on May 16, 1973 is not timely filed because it comes more than 30 days after the entry of judgment. (Appellate Rule 4.) The defendant appellee's assignment of error is well taken and the appeal is dismissed. However, Appellate Rule 12(A) requires that we address ourselves to every assignment of error and we will consider plaintiffs-appellants' assignment of error.

Plaintiffs contend that the issue of defendant's speed can only be decided by a jury as to whether it was reasonable at the time the accident took place, and that a trial court cannot say as a matter of law that the defendant's speed was reasonable.

This contention as a proposition of law is not correct.

Civil Rule 56 provides that if there is no material issue of fact and a party is entitled to judgment as a matter of law, a motion for summary judgment may be granted.

We must thus review the facts and determine if there is a material issue of fact regarding the defendant's speed and whether it was reasonable and proper at the time the accident took place.

Plaintiffs contend that the depositions and the other material submitted including evidence of the extensive damage to the cars, raises a jury question as to whether the defendant was traveling at a reasonable rate of speed.

The defendant contends that the evidence is undisputed, that he had the right of way, was driving in a lawful manner, and there is not a material issue of fact and that he is entitled to judgment as a matter of law.

At the time the trial court ruled on the motion for summary judgment on May 9, 1973, it had before it the depositions of both plaintiffs, the affidavit of the defendant, and defendant's answers to the plaintiffs' interrogatories.

After carefully reviewing the foregoing material, it is

undisputed that the accident between the plaintiffs and the defendant took place at approximately 5:35 to 5:45 p. m. on January 10, 1970, at W. 130th Street, a north-south thoroughfare, having four lanes, two in each direction. The accident took place at W. 130th Street and the entrance to the Southland Shopping Center where there is a traffic signal, which does not have arrows for left hand turns. At the time of the accident the traffic signal was green for north-south traffic. Plaintiff was travelling north in the passing lane and had stopped for a red light. When the light turned green, plaintiff made a left turn to go into the shopping center travelling at a slow rate of speed. When he was in the curb lane for southbound traffic, he was struck by the defendant's car, which was also in the curb lane travelling south at a speed of 20-25 miles per hour.

A dispute between the parties arises as to the position of the defendant's car prior to the accident. Plaintiffs contend that the defendant was the third vehicle from the traffic light behind a car and a bus in the passing lane, and that he pulled out from behind the bus and into the curb lane where he collided with the plaintiff. Plaintiff argues that he checked the street and the curb lane was clear when he began his turn, and that he never saw the car before it hit him. He also testified that defendant's vehicle spun him completely around in the entrance of the parking lot and that his car was a total loss. There was no evidence of the actual loss nor did plaintiff have any expert witness testify as to the extent of damage to his car or as to the relationship of the damage to his car and the speed of defendant's car.

The defendant's affidavit and his answer to interrogatories contained testimony that he was travelling in a southerly direction and was in the curb lane over 100 feet before the intersection and that he was travelling at a speed of 20-25 miles per hour with the green light. He did not state or admit that he was ever in the passing lane. He testified that the plaintiff suddenly and without warning drove his vehicle in front of him and that he was unable to avoid colliding with the plaintiffs. Defendant testified that damage

to the front end of his vehicle is approximately $1,319.42.

It is from the foregoing facts that we must determine if there is a material issue of fact, which would deny the trial court authority to grant the motion for summary judgment.

In order to determine whether the defendant was traveling at a speed that was reasonable and proper under all the facts and circumstances, we must first review the applicable Ohio Law.

The purpose of the Ohio Traffic Code is to protect the traveling public and to avoid collisions at intersections by compelling a driver to yield the right of way to a vehicle having the right of way so long as it proceeds in a lawful manner. *Morris* v. *Bloomgren* (1933), 127 Ohio St. 147, 155.

A motor vehicle that has the right of way has the right to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path (R. C. 4511.01 (TT) ). This means that a motorist intending to turn left must yield the right of way to any vehicles approaching from the opposite direction. (R. C. 4511.42.) In order for a person to keep his right of way, such preferred party must operate his vehicle and proceed in a lawful manner as he approaches and crosses an intersection. He has the right to rely on his preferred status to proceed and assume, absent notice or knowledge to the contrary, that others will obey the law by yielding the right of way to him and by not entering into his path of travel. A motorist who does not have the right of way must permit the other party to proceed without interruption and must refrain from moving into that part of the intersection occupied by the preferred party.

The law gives to the operator of a vehicle on the highway who has the right of way a shield, an absolute right to proceed uninterruptedly, but he forfeits the shield if he fails to proceed in a lawful manner. *Beers* v. *Wills* (1962), 172 Ohio St. 569, 571.

In this case, the defendant had the right of way unless he was not proceeding in a lawful manner. *Morris* v.

*Bloomgren, supra* at 156. *Deming* v. *Osinski* (1969), 21 Ohio App. 2d 89, aff'd 24 Ohio St. 2d 179.

To be proceeding in a lawful manner a person must be complying with the Ohio traffic laws. One of these laws involves speed. This law requires a motorist to proceed at a speed that is reasonable and proper, neither too fast nor too slow having due regard for the traffic, surface and width of the street, nature of the roadway, and to any other conditions and circumstances then existing (R. C. 4511.21). Further, no person shall drive any motor vehicle upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. R. C. 4511.21.

In the present case it was prima facie lawful for the defendant to operate his vehicle at a speed not exceeding 25 miles per hour. (R. C. 4511.21(B).) It was also prima facie unlawful if the defendant exceeded that speed limit, but a greater or lesser speed may be reasonable and proper depending upon all the facts aand circumstances. (R. C. 4511.21.) *Eversole* v. *Seelbach, Administratrix* (1946), 47 Ohio Law Abs. 583.

As long as the defendant proceeded lawfully at a speed that was reasonable and proper and without violating any statute or ordinance, he was entitled to maintain his statutory right to proceed uninterruptedly while approaching and crossing the intersection. *Morris* v. *Bloomgren, supra*. However, if he operated his vehicle at a greater or lesser speed than was reasonable and proper under all the facts and circumstances, he was not travelling in a lawful manner. See *Beers* v. *Wills, supra*.

It is especially noted that if a motor vehicle operated by one who does not have the right of way suddenly enters the highway and attempts to cross in front of the person having the right of way, and the person having the right of way was confronted by an emergency not created by himself, the person having the right of way is only required to use the degree of care that a reasonably prudent person would use under the same or similar circumstances. Further, if a person who has the right of way has his as-

sured clear distance suddenly cut down by the entrance into his path or line of travel by a person not having the right of way, the assured clear distance law does not apply. In other words, the assured clear distance rule has no application where a motor vehicle suddenly enters the path of another motor vehicle, unless the motor vehicle comes into view of the operator at a point sufficiently distant ahead to enable such operator in the exercise of ordinary care to stop his vehicle and avoid a collision. The evidence in this case is that neither the plaintiff nor the defendant saw each other immediately prior to the accident. Therefore, the assured clear distance rule is not applicable. See *Erdman* v. *Mestrovich* (1951), 155 Ohio St. 85; *Sherer* v. *Smith* (1951), 155 Ohio St. 567.

As to the question of the burden of proof, since the defendant had the right to proceed uninterruptedly across the intersection if his automobile was being operated in a lawful manner and at a reasonable and proper speed, the burden is on the plaintiffs to prove that the defendant forfeited his right of way by operating his automobile in some unlawful manner. *Esterly* v. *Youngstown Arc. Eng. Co.* (1937), 59 Ohio App. 207, 210.

In this case we will not decide the issue of negligence and liability of the defendant, but only if there is a material issue of fact, or whether based upon the underlying facts and documents before the trial court inferences can be drawn which create an issue of fact. That issue of fact is whether the defendant was travelling at a reasonable and proper speed. *Esterly* v. *Youngstown Arc. Eng. Co., supra.*

The only allegation of fact is whether the defendant was travelling at a rate of speed that was reasonable and proper under R. C. 4511.21.

The defendant, who had the right of way, was travelling south in the curb lane for at least 60 feet before the accident at a rate of speed 20-25 miles per hour, which is prima facie lawful. The impact of the accident forced Vavrina, Jr., the passenger, over to the driver's side of the car and forced Vavrina, Sr., who was driving the car,

against the door. Plaintiffs' car spun around at the entrance to the shopping center. In determining whether a party was traveling at an excessive rate of speed the trial court has the right to take into consideration the physical facts surrounding the collision. *Peltier* v. *Smith* (1946), 78 Ohio App. 171, 177. In this case there was no direct evidence of the dollar loss plaintiff sustained nor was there any expert testimony concerning the relationship of the damage to the vehicles and the defendant's rate of speed and whether it was reasonable or proper.

Civil Rule 56(C) provides that a summary judgment shall not be rendered until it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor. Also, the inferences to be drawn from the underlying facts contained in such material, such as depositions, affidavits and exhibits must be viewed in the light most favorable to the party opposing the motion. *Williams* v. *Church* (1974), 37 Ohio St. 2d 150.

In this case the defendant was proceeding in a lawful manner and was not in violation of any statute or ordinance and did not lose his preferential status. There is nothing in the record to indicate that the defendant acted in an unlawful manner.

Therefore, the trial court properly ruled that there was not a material issue of fact and that the defendant was entitled to judgment as a matter of law.

However, since we previously concluded that this Court did not have jurisdiction to hear this appeal, plaintiffs-appellants' appeal is dismissed.

*Appeal dismissed.*

JACKSON, J., concurs.

SILBERT, P. J., concurring in part and dissenting in part. I concur in the judgment of dismissal because defend-

ant appellee's assignment of error is well taken. On September 8, 1972 the trial court did not have jurisdiction to vacate its August 7, 1972 judgment, and the appeal filed on May 16, 1973 was not timely filed because it was more than 30 days after the entry of the August 7, 1972 judgment.

I dissent from the majority's opinion holding that the trial court properly ruled that there was not a material issue of fact and that the defendant was entitled to judgment as a matter of law.

There were issues of fact regarding negligence, contributory negligence, proximate cause and damages, and these issues should have been submitted to a jury for determination. The trial court committed prejudicial error in granting defendant's motion for summary judgment.