Clark L. Bush was cited for failure to maintain the assured clear distance ahead in violation of R.C. 4511.21(A) following an automobile collision involving his vehicle and a vehicle driven by Jeffrey Phillips. Bush pleaded not guilty and proceeded to trial before a magistrate in the Vandalia Municipal Court, Traffic Division. He was found guilty, received a fine, which was suspended, and was ordered to pay court costs. He now appeals.
The evidence presented at Bush's October 1, 1998 trial was as follows.
Jeffrey Phillips testified that, during the afternoon of August 13, 1998, he had been traveling north on Wagoner Ford Road with his wife, Angela Phillips, and his two children. Phillips stopped for a red light at the intersection of Wagoner Ford Road and Needmore Road, looked both ways, and saw no oncoming traffic in the eastbound curb lane ("the right lane") of Needmore Road. Phillips started to make a right turn on red and got halfway through the turn when he looked in his rear view mirror and noticed Bush's car "change lanes in the middle of the intersection to the right lane." Bush tried to move back into the left lane to avoid a collision with Phillips's car, but Bush ran into the rear driver's side of Phillips's car when Phillips's car was approximately five feet west of the intersection.
Angela Phillips testified that she had checked the right lane of Needmore Road for oncoming traffic before her husband had started to turn and that the right lane had been clear. She stated that she had not seen Bush's car approaching the intersection.
Sheriff Deputy Jeanine Whittaker testified that she had been dispatched to the scene of the accident, had taken witness reports from Bush and Jeffrey and Angela Phillips, and had issued a citation to Bush for failure to maintain an assured clear distance ahead. According to Deputy Whittaker, Phillips told her that Bush had changed lanes in the middle of the intersection and Bush told her that "he didn't recall where exactly he changed lanes and he did not see Mr. Phillips pulling out prior to him doing all of this."
Bush testified that he had been traveling east on Needmore Road and that, at least one hundred feet away from the intersection of Needmore Road and Wagoner Ford Road, he had moved into the right lane to pass a car in front of him. He testified that he had been about fifty feet away from the intersection when he first noticed Phillips's vehicle and that he had immediately applied his brakes and had tried to swerve left to avoid a collision but "there was no way to avoid him." Bush denied that he had changed lanes in the middle of the intersection.
On October 26, 1998, the magistrate found:
 Based on the fact that Defendant was traveling with his headlights on, the clear weather conditions and the corroboration of Mr. Phillips' testimony by his wife, this Court finds that the Defendant moved to the right-hand lane just short of, or at the juncture where Wagner Ford intersects Needmore. Upon seeing Mr. Phillips' car, Defendant pulled left to try and avoid the collision, but was unable to. In short, Mr. Phillips did not suddenly emerge so as to cut down Defendant's assured clear distance. Rather, Mr. Phillips was established in his lane of travel when struck from behind by Defendant who had just changed lanes.
 Under these facts, the Court finds the State has proven beyond a reasonable doubt that the Defendant violated the Assured Clear Distance Statute.
The magistrate fined Bush $100, suspended the fine, and ordered him to pay court costs. On November 6, 1998, Bush filed objections to the magistrate's decision and a request for more specific factual findings and legal conclusions. On December 21, 1998, Bush filed a supplemental memorandum in support of his objections. On February 1, 1999, the trial court overruled Bush's objections, concluding that "there is sufficient evidence in the record to establish beyond a reasonable doubt those elements requisite to an Assured Clear Distance violation" and that the sudden emergence doctrine, an exception to the assured clear distance provision, did not apply. On March 1, 1999, Bush filed a notice of appeal, and he raises three assignments of error.
 I. DEFENDANT-APPELLANT WAS UNFAIRLY PREJUDICED WHEN THE MAGISTRATE FAILED TO FILE AN AMENDED MAGISTRATE'S DECISION PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 53(E)(2).
Bush argues that Civ.R. 53(E)(2) required the magistrate to file an amended decision in response to his objections.
Traf.R. 14(A) provides that a defendant may elect to appear for trial before a magistrate. Objections to the magistrate's decision may be filed pursuant to Civ.R. 53(E)(3). Traf.R. 14(C). A party may request findings of fact and conclusions of law under Civ.R. 52. Civ.R. 53(E)(3). "The ultimate test of the adequacy of findings of fact is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision reached." Quality Supply Co. v. D's Drive Thru (Oct. 25, 1996), Montgomery App. No. 15862, unreported. If objections are filed, the trial court must consider the objections pursuant to Civ.R. 53(E)(4)(b). Traf.R. 14(C).
In this case, the magistrate's decision included findings of fact and conclusions of law apprising Bush of the grounds for the decision. Although Bush claims that he was prejudiced by the magistrate's failure to amend its decision to add more specific factual findings and legal conclusions, in our judgment, the magistrate's decision adequately explained the rationale for concluding that Bush had failed to maintain an assured clear distance ahead. Furthermore, Bush described the incident in detail and discussed the assured clear distance rule and the sudden emergence doctrine in his objections to the magistrate's decision, and the trial court reviewed the trial transcript, the magistrate's decision, and Bush's objections. Thus, it does not appear that Bush was prejudiced in presenting his objections to the trial court or that the trial court was unable to review the magistrate's decision due to the lack of adequate findings and conclusions.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT APPLIED THE ASSURED CLEAR DISTANCE AHEAD RULE TO THE FACTS INSTEAD OF ANALYZING THE FACTS WITH REFERENCE TO THE RIGHT-OF-WAY STATUTE WHERE THE FACTS CLEARLY SHOW THAT DEFENDANT-APPELLANT HAD THE RIGHT-OF-WAY AND THAT DEFENDANT-APPELLANT WAS TRAVELING IN A LAWFUL MANNER SO AS TO NOT FORFEIT SUCH RIGHT.
 III. THE TRIAL COURT IMPROPERLY APPLIED THE ASSURED CLEAR DISTANCE AHEAD RULE.
Bush contends that the trial court erred in finding him in violation of the assured clear distance statute when Phillips had suddenly emerged into his lane of travel.
R.C. 4511.21(A) provides that "no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." In Erdman v. Mestrovich (1951), 155 Ohio St. 85,92, the supreme court stated:
 The violation of the assured-clear-distance rule consists of the operation of a motor vehicle at a greater speed than will permit the operator thereof to bring it to a stop within the assured clear distance ahead, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance within such clear distance and into his path or lane of travel, of an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.
A driver with the right of way approaching and crossing an intersection has an "absolute right to proceed uninterruptedly" in a lawful manner, and other drivers must yield to him. Vavrina v. Greczanik (1974),40 Ohio App.2d 129, 135. The driver with the right of way forfeits his preference over other drivers by failing to proceed in a lawful manner.Id. at 135. A driver proceeds in a lawful manner by complying with Ohio traffic laws. Id. at 136.
Bush's defense at trial was that he had had the right of way and had been operating his vehicle in a lawful manner while approaching the intersection and that Phillips, who had been obligated to yield the right of way, had suddenly entered his lane of travel and had made it impossible for him to avoid a collision. The trial court found, however, that after Phillips had looked to his left for any oncoming traffic in the right lane of Needmore Road and had seen that the lane was clear, Bush had "suddenly changed lanes into the right-hand lane, only to find himself confronted with the Phillips' vehicle directly in front of him, which he was then unable to avoid striking." The trial court stated that once Bush had merged into the right lane, "he was then under a duty to adjust his assured clear distance ahead to the circumstances then existent in the right-hand lane."
Bush acknowledges a conflict in the evidence over the location at which he began to merge into the right lane, and he claims that the trial court erred in believing the testimony of Jeffrey and Angela Phillips that the right lane had been clear when they began to turn instead of his testimony that he had merged into the right lane at least one hundred feet away from the intersection. "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing Black's Law Dictionary (6 Ed. 1990) 1594. When a judgment is challenged as being against the weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider witnesses' credibility, and determine whether the factfinder clearly lost its way in resolving the conflicting evidence. Id. at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. The factfinder's determination of witness credibility is to be afforded substantial deference by an appellate court because the factfinder is in the best position to decide "whether, and to what extent, to credit the testimony of particular witnesses." State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. Based on the testimony of Jeffrey and Angela Phillips that the right lane had been clear when they pulled into the intersection and Deputy Whittaker's testimony that Bush had told her that he did not remember when he had merged into the right lane, the trial court acted reasonably in finding that Bush had suddenly merged into the right lane at or near the intersection. Because it was reasonable to conclude that Bush had driven in an unlawful manner by failing to adjust his speed upon merging into the right lane, the trial court did not err in finding Bush guilty of failure to maintain an assured clear distance ahead.
The second and third assignments of error are overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Joe Cloud
Barry S. Galen
Hon. Richard J. Bannister