I must respectfully dissent from the majority opinion of my colleagues. I would reverse and remand this matter for further proceedings by the trial court. This is not a matter to be resolved by summary judgment. The central issue in the case sub judice is the comparative negligence of the two drivers, a matter reserved for determination by the jury.
This matter began one rainy afternoon as a rush-hour collision on busy Ohio Route 7 in Proctorville, Ohio. The majority opinion provides a much more detailed description of this accident, with which I do not take issue. Appellee Smith sought to enter a restaurant on the opposite side of the highway, but traffic stopped for a light in the opposite lane blocked his path into the restaurant parking lot. With the aid of a cooperative driver, who opened a gap for him, appellee Smith turned left, across the two marked lanes of the highway, to enter the restaurant parking lot. Appellant Earles was passing this same stopped traffic on the right in an attempt to reach a right turn lane into a supermarket parking lot, driving along the paved shoulder of the highway. When appellee attempted to complete his turn by crossing the far shoulder of the road, appellant Earles struck the right front quarter of appellee's pickup truck with her car.
The trial court found that appellant Earles violated R.C.4511.28(A)(1) by passing this stopped traffic on the right. The trial court found this violation of law precluded recovery by appellants and granted summary judgment in favor of appellee.
The majority relies not on R.C. 4511.28(A), but upon R.C.4511.28(B), to find that appellant Earles violated this statute by driving off the roadway in order to pass on the right. They cite R.C.4511.01(EE) to find this paved shoulder or "berm" was not a part of the highway. The majority concludes, therefore, that appellant Earles' violation of this statute is the sole proximate cause of the accident, thereby precluding appellants from recovering damages as the result of the ensuing accident. Hence, the majority found summary judgment in favor of the appellee to be appropriate.
I believe this is an incorrect statement of law. The appellants argued that the trial court's decision was in error because it denied them their right to argue "comparative fault" under R.C. 2315.19. Summary judgment, appellants argue, is inappropriate, because comparative negligence is an issue for the jury. I agree. I fear that the majority has incorrectly applied a contributory negligence standard rather than the current comparative negligence standard to the facts of this case.
Contributory negligence had long been a bar to recovery by a plaintiff, under the common law in Ohio. No matter what the degree of plaintiff's negligence, however slight, a plaintiff who was contributorily negligent could not recover damages. See Tresise v.Ashdown (1928), 118 Ohio St. 307, 160 N.E. 898; McKinley v. Niederst
(1928), 118 Ohio St. 334, 160 N.E. 850; Smith v. Lopa (1931),123 Ohio St. 213, 174 N.E. 735. However, as the Supreme Court of Ohio noted:
 The General Assembly acted to remove this unjust result when it adopted R.C. 2315.19. This statute abrogates the old common-law bar of contributory negligence and substitutes a comparative negligence standard. Under the comparative negligence standard a plaintiff may recover for injuries which flow from the negligence of a defendant even if that plaintiff is himself negligent to a degree. The recovery by the plaintiff is adjusted by the degree of his contributory negligence to the incident. This statute became effective on June 20, 1980.
 Wilfong v. Batdorf (1983), 6 Ohio St.3d 100, 104, 451 N.E.2d 1185, 1188
Most of the cases cited by the majority in support of its position both predate the passage of R.C. 2315.19 and apply the older contributory negligence standard. In Timmins v. Russomano (1968),14 Ohio St.2d 124, 236 N.E.2d 665, the court found that the through driver had a preferential right to passage over a driver entering from an intersecting cross street. In Parton v. Weilnau (1959),169 Ohio St. 145, 156, 158 N.E.2d 719, 724, and Vavrina v. Greczanik
(1974), 40 Ohio App.2d 129, 135, 318 N.E.2d 408, 414, the question became whether a possibly illegal act of the driver rose to the level of a violation of law that would have required forfeiture of this preferential status and the right to a defense (Parton) or the right to recover (Vavrina). In Morris v. Bloomgren (1933),127 Ohio St. 147, 187 N.E. 2, the violation of law cost the driver his preferential status and the right to recover. The case ofRutherford v. Lister (Mar. 28, 1983), Lawrence App. No. 1580, unreported, although decided by the trial court in 1981, still applied contributory, rather than comparative, negligence standards. See footnote 2 to this unreported opinion.
The Supreme Court of Ohio has "continued to hold that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C.2315.19(A)(1)." Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, 681, 693 N.E.2d 271, 274. In Simmers v.Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 646, 597 N.E.2d 504,508, the Supreme Court of Ohio held:
 Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. Hitchens v. Hahn (1985), 17 Ohio St.3d 212, 213-214, 478 N.E.2d 797, 799; Shinaver v. Szymanski (1984), 14 Ohio St.3d 51, 471 N.E.2d 477.
Hence "[i]ssues in a negligence case should be withdrawn from a jury in only exceptional cases and never when the facts concerning the conduct of the parties as well as the standard of care that should be exercised are to be determined." Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 286, 423 N.E.2d 467, 470, quoting DiEgidiov. Kealy (Ohio App. 1959), 162 N.E.2d 171, 173.
I also note that Joseph v. Pipino (May 24, 1996), Trumbull App. Nos. 95-T-5249, 95-T-5273, unreported, a modern case relied upon by the majority, was an appeal from an unfavorable jury verdict. Indeed, one of the very issues raised in that appeal was whether the trial court appropriately instructed the jury on comparative negligence.
I would refer the majority to Elahab v. Evans (Jan. 23, 1998), Montgomery App. No. 16501, unreported, for guidance in the case, subjudice. In Elahab, the defendant entered an intersection to turn left when he was stopped by oncoming traffic. The defendant, hearing a siren, decided to complete his turn to clear the intersection for the passage of an ambulance on this cross street. The plaintiff, traveling the opposite direction as the defendant on the through street, struck the defendant as he made his left turn. The plaintiff brought an action against the defendant for damages.
The jury in Elahab denied the plaintiffs claim, finding the plaintiff fifty-one percent negligent, and the defendant, forty-nine percent negligent. The plaintiff on appeal argued that, because the defendant violated R.C. 4511.42 by turning left without yielding to oncoming traffic, he was negligent per se. Therefore, the plaintiff argued that the defendant was precluded from raising the affirmative defense of contributory negligence under Ohio's comparative negligence doctrine. The appellate court disagreed, finding that a violation of statute does not preclude the application of comparative negligence, citing Kromenacker v. Blystone (1987),43 Ohio App.3d 126, 131, 539 N.E.2d 675, 680.
I am not convinced that appellant's apparent violation of R.C.4511.28 constitutes negligence per se, which would render the summary judgment ruling in the trial court proper. A thorough analysis and discussion of when a statutory violation constitutes negligence perse can be found in Butler v. Rejon (Feb. 2, 2000), Summit App. No. 19699, unreported.
In the case before us, it appears that it may well be possible for one to argue that both drivers were at fault in this accident. It is the requirement for a comparative allocation of fault, pursuant to R.C. 2315.19, that precludes the grant of summary judgment in this case. While there is ample evidence in the record to find appellant Earles negligent, it remains within the province of the jury to weigh her negligence against any negligence of appellee in this accident, and to return judgment accordingly.
Therefore, I would reverse the decision of the trial court and remand this matter for further proceedings in the court below.