PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
On July 18, 2001, the relator, apparently the Ohio Leitina Company, commenced this prohibition action against the respondent, Judge Bridget McCafferty, to prevent the respondent from proceeding to trial in the underlying case, The Ohio Leitina Company v. Vandra Brothers Construction, Inc., Cuyahoga County Common Pleas Court Case No. CV 429644. For the following reasons, this court sua sponte dismisses this prohibition action.
The gravamen of the relator's complaint is that on July 17, 2001, the Ohio Leitina Company divested the respondent of jurisdiction by filing a notice of appeal from the granting of summary judgment by the trial court.[1] However, this was only a partial judgment, because the summary judgment motion did not dispose of all claims and did not contain the Civ.R. 54(B) no just reason for delay language. Thus, this court sua sponte dismissed the appeal. (See attached order.) Without the requisite appeal pending to transfer jurisdiction from the court of common pleas to this court, the writ of prohibition lacks its foundation and must fail.
Additionally, the relator improperly captioned the complaint as In re State of Ohio ex rel. The Ohio Leitina Company v. Vandra Brothers Construction Company, Inc. The Honorable Bridget M. McCafferty Respondent. The caption also does not contain the addresses of the parties as required by Civ.R. 10(A). This miscaptioning causes confusion as to exactly who the relator is, the Leitina Company, Vandra Brothers or the underlying lawsuit itself. Moreover, the Supreme Court of Ohio has ruled that such deficiencies are sufficient reason for dismissal. State ex rel. Sherrills v. The State of Ohio (2001), 91 Ohio St.3d 133, 742, N.E.2d 651.
Accordingly, this court dismisses this prohibition action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E. McMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal, enforce the judgment or other action not inconsistent with the appellate court's power to review, modify, reverse, or affirm. State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94,378 N.E.2d 162; Newman v. Al Castrucci ford Sales, Inc. (1988),54 Ohio App.3d 166, 561 N.E.2d 1001 and Vavrina v. Greczanik (1974),40 Ohio App.2d 129, 318 N.E.2d 408.