JOURNAL ENTRY AND OPINION
Plaintiff-appellant Leon Stewart appeals from the trial court's judgment that granted defendants-appellees' Motion for New Trial. Plaintiff maintains that the trial court lacked jurisdiction to order a new trial, rendering the judgment null and void, and that the trial court erred in ordering a new trial where the jury's verdict was not against the manifest weight of the evidence. After a careful review of the record, we reverse the judgment and remand with instructions to reinstate the underlying judgment and to address plaintiff's motion for prejudgment interest.
This case, involving a motor vehicle-pedestrian collision, proceeded to trial in October 2000. After deliberations, the jury found in favor of plaintiff and against the defendants and awarded damages. The court entered a final order on November 2, 2000. On November 13, 2000, defendants filed various post-trial motions, including a motion for new trial. On November 30, 2000, defendants appealed from the court's November 2, 2000 judgment. Because the previous notice of appeal contained the wrong case number, defendants filed an amended notice of appeal on December 1, 2000. That appeal was assigned Case No. 78910.
On December 14, 2000, defendants filed a "Voluntary Notice of Withdrawal of Appeal" which was treated as a motion to dismiss pursuant to App.R. 28 and granted. On December 20, 2000, the appeal was suasponte dismissed. There was no order remanding the matter to the trial court. Thereafter, defendants sought modification of this court's order that dismissed appellate Case No. 78910. In response, the following order was issued: "[I]f there is no final appealable order, then in the event of a dismissal, the trial court has jurisdiction to adjudicate to a final appealable order. This court does not opine on the finality of the case in the trial court." Thereafter, defendants attempted to pursue a ruling on the motion for new trial previously filed in the trial court.
Plaintiff objected to further proceedings in the trial court since the defendants had perfected and dismissed an appeal of the underlying judgment without obtaining a remand. While the trial court concluded that the defendants' initial notice of appeal divested the court of jurisdiction over the post-trial motions, the trial court further concluded that the dismissal of the appeal returned the matter to the trial court's jurisdiction and proceeded to grant defendants' motion for new trial. Plaintiff timely appeals this judgment and assigns two errors for our review:
 I. THE TRIAL COURT ERRED IN FINDING THAT IT HAD JURISDICTION OVER DEFENDANT-APPELLEES' MOTION FOR A NEW TRIAL.
 II. THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL IN FAVOR OF DEFENDANTS-APPELLEES AND AGAINST PLAINTIFF-APPELLANT ON PLAINTIFF-APPELLANT'S NEGLIGENCE CLAIM.
We reach only the first assignment of error since it is dispositive in this case. App.R. 12(A)(1)(c). This assignment centers around the preclusive effect of the first appeal from the underlying judgment that was voluntarily dismissed by the defendants. Where a party files a timely notice of appeal from a final order, this action divests the trial court of jurisdiction to alter the order. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 215, citing Yee v. Erie Cty. Sheriff'sDept. (1990), 51 Ohio St.3d 34, 44; In re Kurtzhalz (1943),141 Ohio St. 432 . It is well settled that "a final judgment is one which determines the merits of the case and makes an end to it." Harkai,136 Ohio App.3d at 214, quoting State ex rel. Curran v. Brookes (1943),142 Ohio St. 107, paragraph two of the syllabus. Here, the defendants' initial appeal (Case No. 78910) sought review of a final order, that is, a review of the verdict and final judgment on the merits of the case.
Both plaintiff and defendants recognize that the trial court loses jurisdiction after an appeal is filed except where the retention of jurisdiction "is not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected." Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43,44; see, also, City of Richmond Heights v. Brown (June 29, 2000), Cuyahoga App. No. 76523, unreported; Cashelmara Condominium Unit Ownersv. Cashelmara Company (July 15, 1993), Cuyahoga App. No. 63076, unreported, citing, Vavrina v. Greczanik (1974), 40 Ohio App.2d 129. Although the defendants had filed a timely motion for new trial prior to filing the notice and amended notice of appeal, this court has noted that a motion for new trial is inconsistent with an appeal of the judgment sought to be retried. City of Richmond Heights v. Brown (June 29, 2000), Cuyahoga App. No. 76523, unreported. Accordingly, once the defendants perfected the appeal of the underlying and final judgment, the trial court lost jurisdiction.
The parties disagree, however, as to whether the trial court lost jurisdiction completely once the initial appeal was dismissed without a further order remanding the matter to the trial court for consideration of the post-judgment motions. When defendants sought a modification to reflect a remand after the appeal in Case No. 78910 had already been dismissed, this court recited the well-settled principal that "if there is no final appealable order, then in the event of a dismissal, the trial court has jurisdiction to adjudicate to a final appealable order." We declined to further comment upon the finality of the case in the trial court.
The fact that the motion for new trial was pending at the time defendants filed the previous notices of appeal does not make the verdict and final judgment appealed in Case No. 78910 other than a final and appealable order. In other words, the appellate rules operate to toll the appeal time for a party that opts to pursue certain post-judgment motions but this provision for additional time does not change the finality of the judgment itself. App.R.4(B)(2). For example, the existence of a pending post-judgment motion does not preclude a successful litigant from commencing efforts to enforce the judgment. The final and appealable nature of a verdict and judgment on the merits is further illustrated in cases where a party timely perfects an appeal therefrom and then later files a motion for new trial on the grounds of newly discovered evidence. E.g., City of Richmond Heights, supra. The appropriate procedural mechanism to reinstate jurisdiction in the trial court in that situation is to apply for a stay of the pending appeal and/or petition the appellate court for an order remanding the matter to the trial court for consideration of the motion. Id.
Once a notice of appeal from a final order is filed, an appellate court may confer jurisdiction upon the trial court through an order remanding the matter for consideration of the new trial motion. Howard v. CatholicSocial Services of Cuyahoga Cty., Inc. (1998), 70 Ohio St.3d 141, 146. Because defendants had perfected an appeal of a final and appealable order in Case No. 78910, the voluntary dismissal of the appeal, absent an order remanding the matter, left the trial court without jurisdiction in this case. Accordingly, the trial court had no jurisdiction to enter an order granting a new trial. Where the trial court enters an order without jurisdiction, its order is void and a nullity. Cashelmara, supra. "A void judgment puts the parties in the same position they would be in if it had not occurred." Id., citing Romito v. Maxwell, Warden (1967),10 Ohio St.2d 266, 267. Accordingly, Assignment of Error I is sustained. The case is remanded with instructions to reinstate the court's November 2, 2000 judgment and to address plaintiff's motion for prejudgment interest.
Judgment reversed and remanded.
It is ordered that appellant recover of appellees his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P. J., and COLLEEN CONWAY COONEY, J., CONCUR.